IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1125 (GMS) |
| | ) | |
| ASUSTeK COMPUTER INC. and<br>ASUS COMPUTER INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF
ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Michael J. Newton
Derek S. Neilson
Sang (Michael) Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX  75201-2139

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424

Xavier Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303

March 8, 2016

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     NATURE AND STAGE OF PROCEEDINGS ....................................................1

III.    SUMMARY OF ARGUMENT .............................................................................1

IV.     STATEMENT OF THE FACTS ..........................................................................2

V.      LEGAL STANDARD PRE- AND POST-FORM 18 .........................................4

VI.     ARGUMENT .........................................................................................................6

        A.      Philips's Allegations of Direct Infringement Should Be Dismissed. ......................6

        B.      Philips's Allegations of Direct Infringement of the '913, '387, and '819
                Patents Should Be Dismissed Even if a Higher Standard Does Not Apply. ...........7

        C.      The Court Should Dismiss Philips's Allegations for Induced and
                Contributory Infringement of the Patents-in-Suit. .................................................9

VII.    CONCLUSION ....................................................................................................14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Andrulis Pharms. Corp. v. Celgene Corp.*,
    C.A. No. 13-1644-RGA, 2014 WL 1572906 (D. Del. Apr. 10, 2014)....................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................*passim*

*AstraZeneca AB v. Dr. Reddy's Labs., Inc.*,
    C.A. No. 15-988-SLR, 2015 WL 6870038 (D. Del. Nov. 6, 2015)....................................13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................*passim*

*Bender v. LG Elecs.*,
    2010 WL 889541 (N.D. Cal. Mar. 11, 2010)......................................................................5

*Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*,
    C.A. No. 12-1109-GMS, 2013 WL 6040377 (D. Del. Nov. 14, 2013)................................7

*Desenberg v. Google, Inc.*,
    392 F. App'x 868 (Fed. Cir. 2010).....................................................................................8

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)........................................................................................10

*Friday Grp. v. Ticketmaster*,
    C.A. No. 08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) ...........................8, 9

*Gammino v. Am. Tel. & Tel. Co.*,
    C.A. No. 12-666-LPS, 2015 WL 5234028 (D. Del. Sept. 8, 2015) ..................................13

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    C.A. No. 11-770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014)..............................11, 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..................................................................................*passim*

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993) ..............................................................................................9

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013)........................................................................................5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    134 S. Ct. 2111 (2014) ..........................................................................................7

*Macronix Int'l Co. v. Spansion Inc.*,
    4 F. Supp. 3d 797 (E.D. Va. 2014)......................................................................5, 6

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)...............................................................................5

*MIH Int'l LLC v. Banyan Health Care Products Inc.*,
    C.A. No. 13-1330-RGA, slip op. (D. Del. May 28, 2014) (Ex. B)........................12

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
    C.A. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011).......................10

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ......................................................................10

*Pragmatus AV, LLC v. TangoMe, Inc.*,
    C.A. No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) ................12, 13

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
    2012 WL 2700495 (D. Del. July 5, 2012) .......................................................10, 12

*Raindance Tech., Inc. v. 10X Genomics, Inc.*,
    C.A. No. 15-152-RGA (D. Del. Mar. 4, 2016) (Ex. A).....................................5, 6, 7

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
    29 F. Supp. 3d 455 (D. Del. 2014) .......................................................................10

*Roberts Dairy Co. v. United States*,
    530 F.2d 1342 (Ct. Cl. 1976) .................................................................................8

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
    2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) .......................................................5

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
    C.A. No. C-10-5525-SBA, 2011 WL 5416187 (N.D. Cal. Nov. 8, 2011) ...............8

## Rules and Statutes

35 U.S.C. § 271(c) ....................................................................................................... 4, 11

Fed. R. Evid. 201(b) ......................................................................................................... 13

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1

Fed. R. Civ. P. 84 ........................................................................................................... 4, 5

Fed. R. Civ. P. Form 18 ............................................................................................ *passim*

## I.    INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS") move to dismiss Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp.'s (collectively, "Philips") Complaint for failing to comply with the pleading requirements of *Twombly* and *Iqbal*.

## II.    NATURE AND STAGE OF PROCEEDINGS

On December 7, 2015, Philips filed a Complaint alleging that ASUS infringed United States Patent Nos. RE 44,913 ("'913 Patent"), 6,690,387 ("'387 Patent"), 7,184,064 ("'064 Patent"), 7,529,806 ("'806 Patent"), 5,910,797 ("'797 Patent"), 6,522,695 ("'695 Patent"), RE 44,006 ("'006 Patent"), 8,543,819 ("'819 Patent"), 6,772,114 ("'114 Patent"), and RE 43,564 ("'564 Patent") (collectively, "Patents-in-Suit") (D.I. 1 at 1).  The Court granted an extension until March 8, 2016 (D.I. 7), and ASUS now moves to dismiss the Complaint as set forth herein.

## III.    SUMMARY OF ARGUMENT

Philips' Complaint should be dismissed for failing to sufficiently plead direct, induced, and contributory infringement.  The direct infringement allegations are boilerplate allegations from Form 18 that the Supreme Court confirmed are no longer sufficient in cases filed on or after December 1, 2015.  But even if a lower standard still applied, Philips' allegations that ASUS directly infringes the methods claimed in the '913, '387, and '819 Patents are insufficient because they fail to plead any facts showing that ASUS performs each and every step of the claimed methods in the United States, much less the specific process or context of ASUS's alleged practice of the claimed methods.  Philips' allegations of induced infringement also fail, as they contain merely a catch-all list of possible business activities rather than demonstrate specific intent.  Finally, Philips' allegations of contributory infringement are

entirely conclusory and therefore insufficient. Accordingly, Philips' Complaint should be dismissed.

## IV.     STATEMENT OF THE FACTS

As shown below, Philips' Complaint fails to explain how the accused functionality relates to the actual claim limitations in the Patents-in-Suit. For each of the Patents-in-Suit, Philips alleges that ASUS directly infringes based on making, using, selling, offering to sell, and/or importing "smartphones, tablet computers, notebooks, all-in-one PCs, 2-in-1 PCs, and chromebooks which are pre-loaded with hardware and/or software containing functionality covered by one or more claims of the [Patents-in-Suit]" (D.I. 1 at ¶ 32). Philips' list of Accused Devices and infringement theories for each Patent-in-Suit are summarized below:

| Patent | Exemplary Accused Device(s) (including "Famil[ies] of Devices") | Theory of Infringement "The Accused Devices embody the claimed invention, without limitation,…" |
|---|---|---|
| '913 Patent | Transformer Pad TF300T | "… by including keypad entry functionality which practices each of the steps of at least claim 1 … in accord with user finger input." |
| '387 Patent | Transformer Pad, Eee Slate B121, MeMo Pad, ZenPad, Vivo Tab, Nexus, PadFone, ZenFone, ZenBook Prime, ZenBook Touch, Transformer Book, Zen AiO, Vivo AiO, and Portable AiO family of devices | "… through pre-loaded touch screen control functionality which performs each of the steps of at least claim 9 … to enable control of the scroll-like display of data in response to user finger input." |
| '064 Patent | Transformer Pad, Eee Slate B121, MeMo Pad, ZenPad, Vivo Tab, Nexus, PadFone, ZenFone, ZenBook Prime, ZenBook Touch, Transformer Book, Zen AiO, Vivo AiO, and Portable AiO family of devices | "… through pre-loaded touch screen control functionality which embodies each of the elements of at least claim 1 … to enable control of data scrolling in response to user finger input." |
| '806 Patent | Transformer Pad and PadFone family of devices | "… includ[ing] media presentation functionality which, for example, supports MPEG-DASH and/or HTTP Live Streaming to stream content, and which embodies each of the elements of at least claim 12 …." |

| | | |
|---|---|---|
| '797 Patent | Transformer Pad, Eee Slate B121, MeMo Pad, ZenPad, Vivo Tab, Nexus, PadFone, and ZenFone | "… through pre-loaded screen orientation functionality and/or pre-loaded game applications which embody each of the elements of at least claim 6 …." |
| '695 Patent | Transformer Pad, Eee Slate B121, ZenPad, and PadFone family of devices | "… through pre-loaded functionality which supports the playback of FLAC[1] audio and which embodies each element of claim 14 …." |
| '006 Patent | ZenFone 2 and ZenPad C 7.0 | "… through pre-loaded functionality which allows for switching between recently opened applications ("apps") displayed in a rotatable elliptical arrangement, and which embodies each of the elements of at least claim 1 …." |
| '819 Patent | ZenPad S 8.0 tablet | "… by including pre-loaded functionality which supports the technology for streaming multimedia between devices, including Miracast and/or MHL,[2] which performs each of the steps of at least claim 1 …." |
| '114 Patent | Transformer Pad and ZenPad family of devices | "… through pre-loaded functionality which supports the AMR-WB[3] standard 3GPP TS 26.190 and which embodies each element of at least claim 20 …." |
| '564 Patent | Transformer Pad, Eee Slate B121, MeMo Pad, ZenPad, Vivo Tab, Nexus, PadFone, ZenFone, ZenBook Prime, ZenBook Touch, Transformer Book, Zen AiO, Vivo AiO, and Portable AiO family of devices | "… through pre-loaded touch zooming functionality, which embodies each element of at least claim 1 … to enable rendering a touch selected portion of a display at a larger second scale." |

---

[1]     FLAC refers to "Free Lossless Audio Codec" (D.I. 1 at ¶ 73), which upon information and belief is "an audio format similar to MP3, but lossless, meaning that audio is compressed in FLAC without any loss in quality."  FLAC – Free Lossless Audio Codec, https://xiph.org/flac/ (last visited Mar. 1, 2016).

[2]     Upon information and belief, MHL refers to "Mobile High-Definition Link," which is an "industry standard for a mobile audio/video interface that allows consumers to connect mobile phones, tablets, and other portable consumer electronics (CE) devices to high-definition television (HDTVs) and audio receivers."  Wikipedia – Mobile High-Definition Link, https://en.wikipedia.org/wiki/Mobile_High-Definition_Link (last visited Mar. 1, 2016).

[3]     AMR-WB refers to the "Adaptive Multi-Rate Wideband" standard 3GPP TS 26.190, which upon information and belief, is a "wideband speech audio coding standard and . . . was developed by Nokia and VoiceAge . . . ."  Wikipedia – Adaptive Multi-Rate Wideband, https://en.wikipedia.org/wiki/Adaptive_Multi-Rate_Wideband (last visited Mar. 1, 2016).

(*Id.* at ¶¶ 38, 45, 52, 59, 66, 73, 80, 87, 94, 101).  The Complaint identifies a single example claim from each Patent-in-Suit, which is a method claim for the '913, '387, and '819 Patents.

Philips also alleges that ASUS has infringed each of the Patents-in-Suit by induced infringement and contributory infringement.  For induced infringement, Philips generally alleges that ASUS induced others by taking "affirmative acts includ[ing], without limitation":

> advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, pre-loaded with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the direct infringement of the [Patent-in-Suit] by others with knowledge thereof.  *See, e.g.*, [ASUS Manual].

(*Id.* at ¶¶ 39, 46, 53, 60, 67, 74, 81, 88, 95, 102).  For contributory infringement, Philips generally parrots 35 U.S.C. § 271(c) and alleges infringement:

> without limitation, by offering to sell, selling, or importing the devices referenced in [the direct infringement allegations] with knowledge that they include or constitute a material part of the inventions claimed in the [Patents-in-Suit] and/or are especially made or adapted for use by others, including consumers or end consumers, to infringe the [Patents-in-Suit], and are not staple articles or commodities of commerce suitable for substantial, non-infringing use.

(D.I. 1 at ¶¶ 40, 47, 54, 61, 68, 75, 82, 89, 96, 103).

## V.    LEGAL STANDARD PRE- AND POST-FORM 18

Prior to December 1, 2015, direct infringement allegations were often analyzed using Form 18.  Form 18 was an example patent complaint that dated to 1937 and was deemed sufficient under Rule 84.  Form 18 required minimum detail and was a classic example of notice pleading.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  However, the Supreme Court articulated a higher pleading standard in 2007 in *Twombly* and again in 2009 in *Iqbal*.  Under *Twombly*, the plaintiff must allege facts

sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Despite the *Twombly/Iqbal* standard, the Federal Circuit refused to abandon Form 18. *See K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). "[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control." *In re Bill of Lading*, 681 F.3d at 1334; *see also*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

However, on April 29, 2015, the Supreme Court abrogated Rule 84 and the associated Appendix of Forms for all cases that commenced after December 1, 2015. Now that Form 18 does not apply, several different cases illustrate that the post-Form 18 pleading standard should require that a patent complaint set forth, at a minimum: (1) the specific products accused; (2) the specific claims asserted; and (3) facts concerning every asserted claim limitation.

An identification of specific accused products has been required during the period after *Twombly* and *Iqbal* but before the Federal Circuit's revival of Form 18. *See, e.g. Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, at *4 (N.D. Cal. Sept. 12, 2011) ("[M]ost courts have, in the wake of *Twombly* and *Iqbal*, required some level of specificity regarding the accused product.); *Bender v. LG Elecs.*, 2010 WL 889541 at *3 (N.D. Cal. Mar. 11, 2010). Similarly, "[s]atisfying the requirements of *Twombly* and *Iqbal* . . . will require counsel to focus complaints only on viable claims. Thus, before filing a complaint, counsel must ascertain exactly what claims should be alleged to be infringed and how they are infringed." *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 803 (E.D. Va. 2014). Finally, one new case in Delaware, decided in the months since the standard changed, dismissed a complaint in its

entirely because the plaintiff alleged infringement at a high level and did not allege facts that might establish every claim limitation was satisfied.  *See Raindance Tech., Inc. v. 10X Genomics, Inc.,* C.A. No. 15-152-RGA, at *5 (D. Del. Mar. 4, 2016) (attached hereto as Ex. A).  In *Raindance*, Judge Andrews dismissed a complaint after noting that, for instance, claim limitations related to "pressure" were not addressed by the complaint.  *Id.* at *3-4.

## VI.   ARGUMENT

### A.   Philips's Allegations of Direct Infringement Should Be Dismissed

Philips allegations of direct infringement do not satisfy the post-Form 18 pleading standards and should be dismissed.  Philips's Complaint broadly defines "Accused Devices" as "smartphones, tablet computers, notebooks, all-in-one PCs, 2-in-1 PCs, and chromebooks which are pre-loaded with hardware and/or software containing functionality covered by one or more claims of the [Patents-in-Suit]" (D.I. 1 at ¶ 32).  Then, for each patent, Philips identifies example products or "families of devices" that allegedly infringe the Patents-in-Suit.  However, Philips's broad definition of "Accused Devices" is the type of "conclusory statement" that *Iqbal* held to be insufficient, *see* 556 U.S. at 678, and the example products and "families of devices" are alleged to be non-limiting.  (*See, e.g.*, D.I. 1 at ¶ 59 ("including but not limited to, for example, the Transformer Pad and PadFone families of devices").)

In addition to listing only example products or product families, Philips Complaint lists only a single example claim for each asserted patent and fails to allege facts that might support that every claim limitation is satisfied.  Such broad allegations are no longer sufficient.  Like Philips, the plaintiff's original complaint in *Macronix* alleged that "one or more claims" of each of seven patents was infringed.  *Macronix*, 4 F. Supp. 3d at 798.  The district court *sua sponte* ordered the plaintiff to amend such that its complaint "conform[ed] with the pleading requirements of *Twombly* and *Iqbal* and that, in particular, recites the specific claim or

claims which are alleged to be infringed." *Id.* at 798-99.  The court reiterated that plaintiffs must specify exactly what claims are alleged to be infringed and how they are infringed.  *Id.* at 803.

But even if it is sufficient to identify "example" claims infringed by "example" products, Philips' allegations as to the "example" claims paraphrase the claim language and fail to plead sufficient facts to show infringement of every limitation.  For example, Philips's allegation of infringement of claim 1 of the '006 Patent omits a number of the claim's actual limitations.  (*Compare* D.I. 1 at 80 (alleging that "Accused Devices embody the claimed invention, without limitation, through pre-loaded functionality which allows for switching between recently opened applications ('apps') displayed in a rotatable elliptical arrangement.") *with* D.I. 1-2 at 21 (showing actual claim limitations, *e.g.*, "displayed offset from a display center").  Philips' allegation of infringement merely due to the presence of apps "displayed in a rotatable elliptical arrangement" is insufficient as it fails to describe how the Accused Devices practice the various limitations of claim 1.  Indeed, Judge Andrews dismissed the *Raindance* complaint for this very reason, holding that plaintiffs had "m[ade] no attempt to relate any [of] their factual assertions with any of the asserted claims.  *Raindance,* C.A. No. 15-152-RGA, at *3-4.

**B.    Philips's Allegations of Direct Infringement of the '913, '387, and '819 Patents Should Be Dismissed Even if a Higher Standard Does Not Apply**

But even if a higher pleading standard does not apply post-Form 18, Philips' conclusory allegations of direct infringement of method claims should be dismissed.  "A method patent . . . is not infringed unless all the steps are carried out." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014).  "[T]o adequately state a claim for direct infringement of method claims, the complaint must allege that the accused infringer 'perform[ed] all the steps of the claimed method, either personally or through another acting under his

direction or control.'" *Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, C.A. No. 12-1109-GMS, 2013 WL 6040377, at *2 n.4 (D. Del. Nov. 14, 2013) (granting motion to dismiss direct infringement of method claim).  "Thus, with a method patent infringement claim, to properly allege 'use' of the patent, the patentee must identify the steps of the claimed infringing process that allegedly violated the protected method and must allege that all the protected steps have been used by the infringer." *Ziptronix, Inc. v. Omnivision Techs., Inc.*, C.A. No. C-10-5525-SBA, 2011 WL 5416187, at *3-4 (N.D. Cal. Nov. 8, 2011) (dismissing counterclaims where defendants "set forth none of the steps of Plaintiff's alleged infringing method" and their "counterclaims contain no allegation that all steps and stages of their protected process have been used by plaintiff") (citing *Roberts Dairy Co. v. United States*, 530 F.2d 1342, 1354 (Ct. Cl. 1976)).

      In applying *Twombly* and *Iqbal*, courts have dismissed claims of direct infringement of method claims on this basis. *See Desenberg v. Google, Inc.*, 392 F. App'x 868, 870–71 (Fed. Cir. 2010) (affirming dismissal because the complaint failed to allege that the infringer performed all the steps of the claimed method or that the infringer directed or controlled the performance by multiple parties of all the steps) (internal citations omitted)); *Andrulis Pharms. Corp. v. Celgene Corp.*, C.A. No. 13-1644-RGA, 2014 WL 1572906, at *1 (D. Del. Apr. 10, 2014) (granting motion to dismiss claim of undivided direct infringement of method claim for failure to provide notice or facial plausibility); *Friday Grp. v. Ticketmaster*, C.A. No. 08-CV-01203, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) ("Plaintiff's complaint . . . [did] not allege that any single defendant performed all of the steps of the method . . . was the 'mastermind' behind the operation.").

In the present case, Philips's conclusory assertions fail these standards. When singling out a specific method claim for each of the '913, '387, and '819 Patents, Philips asserts that the Accused Devices include functionality that "performs each of the steps" of that method (D.I. 1 at ¶¶ 38, 45, 87). As an initial matter, Philips never asserts that ASUS "performs each of the steps" (*see id.*). In any case, ASUS cannot infringe a method claim simply by making, selling, offering to sell, or importing products that allegedly practice the claimed method. *See, e.g.*, *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774-75 (Fed. Cir. 1993) ("[A] method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method. The sale of the apparatus is not a sale of the method. A method claim is directly infringed only by one practicing the patented method."). As such, Philips's assertion that ASUS makes, sells, offers to sell, or imports into the United States Accused Devices that perform the claimed method cannot constitute a facially plausible claim. Philips does not plead facts showing that ASUS has performed or is performing, in the United States, each of the steps of the methods claimed in the '913, '387, or '819 Patents, much less the specific process or context of ASUS's alleged practice of the claimed methods. Instead, Philips is left with the threadbare assertion that ASUS is "using" the Accused Devices. That conclusory allegation, however, does not satisfy the standard of *Twombly* or *Iqbal*. Therefore, Philips's claims of direct infringement of the method claims of the '913, '387, and '819 Patents should be dismissed.

**C.     The Court Should Dismiss Philips's Allegations for Induced and Contributory Infringement of the Patents-in-Suit**

Philips' Complaint alleges both induced infringement and contributory infringement but fails to plead the elements required for either. As to induced infringement, Philips summarily provides an attempted catch-all list of possible business activities involving third parties, "include[ing] without limitation":

> advertising, marketing, promoting, offering for sale and/or selling
> the above-referenced devices, pre-loaded with software containing
> infringing functionality, to consumers, customers, manufacturers,
> distributors, resellers, partners, and/or end users, and providing
> instructions, user manuals, advertising, and/or marketing materials
> which facilitate, direct or encourage the direct infringement of the
> [Patent-in-Suit] by others with knowledge thereof. *See, e.g.*,
> [ASUS Manual].

(*Id.* at ¶¶ 39, 46, 53, 60, 67, 74, 81, 88, 95, 102). But a claim of "inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "To survive [ASUS's] motion to dismiss, therefore, [the complaint] must contain facts plausibly showing that [ASUS] specifically intended their customers to infringe the [Patents-in-Suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.

Nothing in Philips' allegation plausibly shows that ASUS specifically intended that "customers" (or anybody else Philips lists) infringe the Patents-in-Suit, or that ASUS knew the acts of such unspecified "customers" constituted infringement. Philips' oblique reference to "instructions, user manuals, advertising, and/or marketing materials" or citation to ASUS's webpage do not show the specific intent to cause infringement and knowledge that ASUS's customers would commit infringement. *See, e.g.*, *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 459 (D. Del. 2014) (dismissing induced infringement claims despite allegations that defendant had provided "advertising and providing technical support services for allegedly infringing products"); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012) (plaintiff's "conclusory averments" that defendant "sell[s], advertis[es], suppl[ies] and instruct[s] its respective customers on the use of the infringing product" were insufficient to establish specific intent); *Pragmatus Telecom, LLC v. Ford Motor Co.*, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing inducement claims where

- 10 -

"[s]pecific intent [was] alleged generally," but "[n]o facts [were] alleged from which one could

infer that the allegation [wa]s plausible"); *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys.*

*LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *3 (D. Del. Mar. 16, 2011) (plaintiff "fail[ed]

to allege sufficient facts" and instead "resort[ed] to a mere recitation of the elements for indirect

infringement, which is insufficient").

      Philips has also failed to properly plead contributory infringement.  Under 35

U.S.C. § 271(c), "a patentee must demonstrate that an alleged contributory infringer has sold,

offered to sell or imported into the United States a component of an infringing product 'knowing

the same to be especially made or especially adapted for use in an infringement of such patent,

and not a staple article or commodity of commerce suitable for substantial non-infringing use.'"

*HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2014 WL 4468088, at *1 (D. Del.

Sept. 9, 2014).  To properly plead contributory infringement, therefore, the complaint must *inter*

*alia* "plead facts that allow an inference that the ***components*** sold or offered for sale have ***no***

***substantial noninfringing uses***."  *In re Bill of Lading,* 681 F.3d at 1337 (emphasis added).  "The

reason that it is necessary to plead that the component has no substantial noninfringing uses is

that the component alone does not directly infringe."  *HSM Portfolio*, 2014 WL 4468088, at *1.

"A substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory,

impractical, occasional, aberrant, or experimental.'"  *In re Bill of Lading*, 681 F.3d at 1337

(internal quotations omitted).

      First, Philips's Complaint fails to identify a "component" as defined in § 271(c).

The Complaint alleges that the claims of the Patents-in-Suit are contributorily infringed by

ASUS's sale, offer to sell, or importation of "the devices referenced in paragraph [38, 45, 52, 59,

66, 73, 80, 87, and 94]," which are end-user devices such as "smartphones, tablet computers,

- 11 -

notebooks, all-in-one PCs, 2-in-1 PCs, and chromebooks." (*See* D.I. 1 at ¶¶ 32, 33, 40, 47, 54, 61, 68, 75, 82, 89, 96, 103.) These end-user devices, however, are the same devices accused of direct infringement, and thus cannot be a "component" for the purposes of § 271(c). *See, e.g., MIH Int'l LLC v. Banyan Health Care Products Inc.*, C.A. No. 13-1330-RGA, slip op. at *2 (D. Del. May 28, 2014) ("The patent claims are apparatus claims. Plaintiff alleges Defendant sells the apparatus . . . to others, who then resell it. I do not see anything in the Amended Complaint from which I could infer that Plaintiff [sic] sells a component of a patented product.") (attached hereto as Ex. B); *HSM Portfolio*, 2014 WL 4468088, at *1 (agreeing with defendant that "the accused semiconductor chips are not components especially designed for an infringing product because they are accused of direct infringement in and of themselves" and thus could not make "legal sense" of the plaintiffs' arguments); *see also id.* at *1, n.1. Likewise, Philips has alleged only that ASUS sells the end-user device, not a component of the device.

Second, Philips's Complaint merely parrots the statutory language for substantial non-infringing use for each of the Patents-in-Suit and fails to plead any facts supporting the threadbare, conclusory statement that the Accused Devices "are not staple articles or commodities of commerce suitable for substantial, non-infringing use" (D.I. 1 at ¶¶ 40, 47, 54, 61, 68, 75, 82, 89, 96, 103). Philips fails to allege any factual support explaining why the Accused Devices do not have substantial, non-infringing uses, and such failure warrants dismissal. *See, e.g.*, *Pragmatus Telecom*, 2012 WL 2700495, at *1 (dismissing contributory infringement allegations that were "supported by no facts"); *Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. No. 11-1092-LPS, 2013 WL 571798, at *13-14 (D. Del. Feb. 13, 2013) (recommending dismissal of contributory infringement allegations because of lack of detail).

Philips's conclusory allegation that the Accused Devices can be used "by others, including consumers or end users, to infringe" the Patents-in-Suit cannot save its contributory infringement claims (D.I. 1 at ¶¶ 40, 47, 54, 61, 68, 75, 82, 89, 96, 103). Such allegations, even accepted as true, would merely show that the accused products and services *may* be used to infringe, but are "not sufficient to allow a reasonable inference that, *inter alia*, these services and products have *no* substantial noninfringing uses." *Pragmatus AV*, 2013 WL 571798, at *13 (citations omitted) (emphasis in original). Such allegations are insufficient because they "say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading*, 681 F.3d at 1338.

Third, all of the Accused Devices are end-user products such as "smartphones, tablet computers, notebooks, all-in-one PCs, 2-in-1 PCs, and chromebooks" that are readily capable of countless many substantial, non-infringing uses. (*Id.* at ¶¶ 32-33.) As is evident from the user manual referenced in the Complaint,[4] it is clear that the Transformer Pad TF300T is capable of numerous non-infringing uses, such as playing music and videos, capturing and viewing images, reading and composing e-mails, using maps and location services, and viewing documents. More generally, it is a fact not subject to reasonable dispute that "smartphones, tablet computers, notebooks, all-in-one PCs, 2-in-1 PCs, and chromebooks" generally have such capabilities and much more. FED. R. EVID. 201(b); *see also AstraZeneca AB v. Dr. Reddy's Labs., Inc.*, C.A. No. 15-988-SLR, 2015 WL 6870038, at *4, n.6 (D. Del. Nov. 6, 2015).

---

[4]     The Court may take judicial notice of the publicly available user manual for the Transformer Pad TF300T device referenced in the Complaint at Paragraphs 39, 67, 74, and 95. *See Gammino v. Am. Tel. & Tel. Co.*, C.A. No. 12-666-LPS, 2015 WL 5234028, at *2 (D. Del. Sept. 8, 2015).

In sum, Philips' threadbare allegations of contributory infringement, coupled with its failure to cite specific facts and the readily apparent non-infringing uses of the Accused Devices warrant a dismissal of these allegations.

**VII.    CONCLUSION**

For the foregoing reasons, ASUS respectfully requests that the Court dismiss Philips' Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

OF COUNSEL:

Michael J. Newton
Derek S. Neilson
Sang (Michael) Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX  75201-2139

Ross R. Barton
Alston & Bird LLP
101 South Tyron Street, Suite 4000
Charlotte, NC 28280-4000
(704) 444-1000

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303

March 8, 2016

Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 8, 2016, upon the following in the manner indicated:

Michael P. Kelly                                                  *VIA ELECTRONIC MAIL*
Daniel M. Silver
Benjamin A. Smyth
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Michael P. Sandonato                                             *VIA ELECTRONIC MAIL*
John D. Carlin
Daniel A. Apgar
Jonathan M. Sharret
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, NY  10104-3800
*Attorneys for Plaintiffs*


                                        */s/ Rodger D. Smith II*
                                        _____
                                        Rodger D. Smith II (#3778)