## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

        Plaintiffs,

v.

ASUSTEK COMPUTER INC.,
ASUS COMPUTER INTERNATIONAL,

        Defendants.

C.A. No. 15-1125-GMS

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO THE ASUS DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Counsel for Plaintiffs:

FITZPATRICK, CELLA, HARPER &
SCINTO
Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
jsharret@fchs.com
dapgar@fchs.com

MCCARTER & ENGLISH, LLP
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

Dated: May 26, 2016

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

II.     SUMMARY OF THE ARGUMENT .............................................................................1

III.    COUNTERSTATEMENT OF FACTS ...........................................................................3

    A.      Overview of Defendants' Infringing Activities.....................................................3

    B.      Specific Factual Allegations In Support of Each Cause of Action
        for Direct Infringement ..........................................................................................3

    C.      Specific Factual Allegations In Support of Each Cause of Action
        for Contributory Infringement ...............................................................................5

IV.     ARGUMENT ..................................................................................................................6

    A.      Applicable Law......................................................................................................6

        1.      The Standard for Pleading Direct Infringement is "Facial
            Plausibility"...............................................................................................6

        2.      The Abrogation of Rule 84 Did Not Alter the Pleading
            Standards for Alleging Direct Infringement ..............................................7

        3.      Pleading Contributory Infringement of Method Claims
            Requires Identifying a "Material or Apparatus" .......................................9

    B.      The First Amended Complaint Satisfies the Pleading Standard for
        Direct Infringement................................................................................................9

        1.      The First Amended Complaint States a Facially Plausible
            Claim for Direct Infringement of All Asserted Patents.............................9

        2.      There is No Requirement to Separately Identify and
            Address all Accused Products Individually by Name or
            Model Number ........................................................................................10

        3.      There is No Requirement to Individually Address All
            Claims of an Asserted Patent ..................................................................13

        4.      Defendants' Motion is Inconsistent with the Delaware
            Default Standard for Discovery ..............................................................15

        5.      ASUS Has Not Been Prejudiced By Philips' First Amended
            Complaint................................................................................................16

    C.      The First Amended Complaint Satisfies the Pleading Standard for
        Contributory Infringement ...................................................................................17

    D.      If Necessary, Plaintiffs Respectfully Request Leave to Amend
        Their First Amended Complaint ..........................................................................19

V.      CONCLUSION .............................................................................................................20

## TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...................................................................................*passim*

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ...................................................................................*passim*

*Bender v. LG Elecs.*.................................................................................... 12
  2010 WL 889541 (N.D. Cal. Mar. 11, 2010)

*Cureton v. Nat'l Collegiate Athletic Ass'n* ............................................... 20
  252 F.3d 267 (3d Cir. 2001)

*Custom Media Technologies LLC v. Charter Communications, Inc.* ......................................... 13
  C.A. No. 13-1425, 2014 WL 556131 (D. Del. Feb. 10, 2014)

*Erickson v. Pardus* ..................................................................................... 10
  551 U.S. 89 (2007)

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.* ........................................ 11, 16, 17
  935 F.Supp.2d 772 (D. Del. 2013)

*Foman v. Davis* ........................................................................................ 20
  371 U.S. 178 (1962)

*Fowler v. UPMC Shadyside* ......................................................................... 7
  578 F.3d 203 (3d Cir. 2009)

*Gasoline Sales, Inc. v. Aero Oil Co.* ................................................................. 20
  39 F.3d 70 (3d Cir. 1994)

*Hologram USA, Inc. v. Pulse Evolution Corp.* ...................................................... 8
  2:14-cv-772, 2016 WL 199417 (D. Nev. Jan. 15, 2016)

*HSM Portfolio LLC v. Fujitsu Ltd.* ................................................................ 18
  C.A. No. 11-770, 2014 WL 4468088 (D. Del. Sept. 9, 2014)

*i4i Ltd. P'ship v. Microsoft Corp.* ................................................................ 9
  598 F.3d 831 (Fed. Cir. 2010)

*In re Bear Creek*
  MDL No. 12-2344-GMS (D. Del. Sept. 27, 2012) ..................................................... 11, 14

*In re Bill of Lading* ...................................................................................................... 7, 10, 15
    681 F.3d 1323 (Fed. Cir. 2012)

*Intel Corp. v. Future Link Systems, LLC*,
    C.A. No. 14-377-LPS, 2015 WL 649294 (D. Del. Feb. 12, 2015) ........................................11

*JDS Uniphase Corp. v. CoAdna Photonics, Inc.* ......................................................................15
    2014 WL 2918544 (N.D. Cal. Jun. 26, 2014)

*Joy Technologies Inc. v. Flakt Inc.* ......................................................................................18
    6 F.3d 770 (Fed. Cir. 1993)

*Lucent Technologies, Inc. v. Gateway, Inc.* ...........................................................................9, 19
    580 F.3d 1301 (Fed. Cir. 2009)

*Macronix Int'l Co. v. Spansion Inc.* ......................................................................................15
    4 F.Supp.3d 797 (E.D.Va 2014)

*Mallinckrodt, Inc. v. E-Z-Em Inc.* ......................................................................................13
    670 F.Supp.2d 349 (D. Del. 2009)

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.* ...................................................................12
    C.A. No. 15-438, 2015 WL 7833206 (D. Del. Dec. 3, 2015)

*McZeal v. Sprint Nextel Corp.* ......................................................................................15
    501 F.3d 1354 (Fed. Cir. 2007)

*MIH Int'l LLC v. Banyan Health Care Products Inc.,* ....................................................................18
    C.A. No. 13-1330, D.I. 26 (D. Del. May 28, 2014)

*Phillips v. Cnty. Of Allegheny* ......................................................................................7
    515 F.3d 224 (3d Cir. 2008)

*Pragmatus AV, LLC v. TangoMe, Inc.* ......................................................................................18
    C.A. No. 11-1092, 2013 WL 571798 (D. Del. Feb. 13, 2013)

*Pragmatus Telecom, LLC v. Ford Motor Co.* ...............................................................................18
    C.A. No. 12-92, 2012 WL 2700495 (D. Del. Jul. 5, 2012)

*Raindance Tech. v. 10X Genomics, Inc.* ......................................................................................13
    C.A. No. 15-152, 2016 WL 927143 (D. Del. Mar. 4, 2016)

*Ricoh Co v. Quanta Computer Inc.* ......................................................................................3, 19
    550 F.3d 1325 (Fed. Cir. 2008)

iii

*Rolo v. City Investing Co. Liquidating Trust*........................................................................20
   155 F. 3d 644 (3d Cir. 1998)

*Skinner v. Switzer*...............................................................................................................7
   562 U.S. 521 (2011)

*St. Clair Intellectual Property Consultants, Inc. v. Apple Inc.*...............................11, 14
   C.A. No. 10-982-LPS, 2011 WL 4571812 (D. Del. Sept. 30, 2011)

*Trading Technologies. Int'l, Inc. v. BCG Partners, Inc.*...........................................11
   2011 WL 1706136 (N.D. Ill. May 5, 2011)

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*............................................11, 12
   2011 WL 4079231 (N.D. Cal. Sept. 12, 2011)

*Xpoint Technologies, Inc. v. Microsoft Corp.*......................................................11, 14
   730 F.Supp.2d 349 (D. Del. 2010)

## Statutes and Rules

35 U.S.C. 271..................................................................................... 5, 17, 18, 19

D. Del. Default Std............................................................................... 2, 15, 16

Fed. R. Civ. P. 8........................................................................................*passim*

Fed. R. Civ. P. 15....................................................................................... 20

Fed. R. Civ. P. 60........................................................................................20

Fed. R. Civ. P. 84................................................................................ 1, 7, 8, 19

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On December 7, 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") filed a Complaint for patent infringement against ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS") for infringement of ten patents.[1] (D.I. 1.)  On March 8, 2016, ASUS moved to dismiss the Complaint.  (D.I. 10, 11.)  The parties stipulated that Philips would file a First Amended Complaint ("FAC") and ASUS's motion to dismiss would be withdrawn without prejudice.  (D.I. 17 at p. 4.)  Philips filed its FAC on April 11, 2016.  (D.I. 18.)  Subsequently, ASUS filed the instant motion to dismiss.  (D.I. 20, 21.)

## II.      SUMMARY OF THE ARGUMENT

Defendants' motion to dismiss should be denied because it is premised on the incorrect notion that the recent abrogation of Rule 84 completely upended the pleading requirements for direct infringement claims.  While Form 18 is no longer extant, the pleading requirement is unchanged and still controlled by Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," and *Twombly/Iqbal*, which require only "facial plausibility."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The Judicial Conference Committee on Rules of Practice and Procedure expressly stated: "The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8."  Fed. R. Civ. P. 84 (Committee Notes on Rules – 2015 Amendment).

While the substantive pleading standard has not changed, Plaintiffs have nevertheless gone far beyond providing fair notice to Defendants.  For each patent-in-suit, the FAC

---

[1] United States Patent Nos. RE 44,913 ("the '913 patent"); 6,690,387; 7,184,064; 7,529,806; 5,910,797; 6,522,695; RE 44,006; 8,543,819; 6,772,114; and RE 43,564 (collectively, the "patents-in-suit").

specifically addresses exemplary claims on an element-by-element basis and identifies and defines the specific Accused Functionality that satisfies each of those elements. The FAC expressly defines the Accused Devices for that patent as all ASUS products that include the Accused Functionality. The FAC further identifies the relevant operating system, hardware, software and/or technical standard compliance that indicate that a particular product contains the pertinent Accused Functionality for each patent. Finally, the FAC also identifies accused product lines, by name, where possible.

Defendants would have this Court believe that a complaint must now be a plaintiff's infringement contentions. But, the cases Defendants rely on are handpicked from outside this District, in opposition to controlling Delaware authority, and don't even stand for the heightened pleading standard Defendants advocate. Contrary to Defendants' assertions, there is no requirement to provide an exhaustive list of every accused product, by name or model number, or to separately address every individual claim that may be litigated. Any such requirement would be inconsistent with Rule 8(a)(2)'s "short and plain statement" directive as well as the Delaware Default Standard for Discovery which provides that the additional detail Defendants seek is part of the discovery process. For all these reasons, Plaintiffs have gone far beyond what is required to satisfy any applicable pleading standard and set forth a facially plausible claim for direct infringement of each patent-in-suit.

Finally, Plaintiffs' claims for contributory infringement are properly based on end user's direct infringement of method claims and properly identify the "material or apparatus" (*i.e.*, the Accused Devices) and the specific Accused Functionality that is used to practice the relevant patented method. The FAC properly alleges that the Accused Devices have no substantial non-infringing use because they include an Accused Functionality that can only be used to infringe

2

the patented methods.   The fact that the Accused Devices may also include additional functionalities other than the Accused Functionality does not preclude liability for contributory infringement.  *See Ricoh Co v. Quanta Computer Inc.*, 550 F.3d 1325, 1377 (Fed. Cir. 2008).

## III.   COUNTERSTATEMENT OF FACTS

### A.   Overview of Defendants' Infringing Activities

Paragraphs 33-36 of the FAC (entitled "Defendants' Infringing Activities") provide an overview of Defendants' infringing activities applicable to all asserted patents.  This section introduces the different product categories and product lines, which are accused of infringing the patents-in-suit and which are later addressed in further detail with respect to each individual asserted patent.  The product categories accused of infringement are delineated in paragraph 33 of the FAC ("smartphones, tablet computers, notebooks, All-in-One PCs, and 2-in-1 PCs"), and the next paragraph (FAC at ¶34) lists by name exemplary infringing product lines within each product category.  The product line nomenclature used in the FAC corresponds to that used in Defendants' own website.  For example, Defendants' website divides their smartphone offerings into two product lines having multiple devices: the ZenFone product line includes the ZenFone 2 Laser, the ZenFone 2, and the ZenFone Zoom devices (referred to in the FAC as the ZenFone family of smartphones) and the PadFone product line includes the PadFone X mini and ASUS PadFone X devices (referred to in the FAC as the PadFone family of smartphones).  *See* https://www.asus.com/us/Phone/ (accessed May 25, 2016).

### B.   Specific Factual Allegations In Support of Each Cause of Action for Direct Infringement

Each Cause of Action contains allegations specific to one of the patents-in-suit and builds on the background section in paragraphs 33-36 by providing a detailed explanation of how Defendants directly infringe each individual patent.  For example, paragraphs 37-46 of the FAC

ME1 22593875v.1

contain specific allegations relating to defendants' direct infringement of the '913 patent.

In paragraphs 39-40 of the FAC, two exemplary claims of the '913 patent (a method and a device claim) are described. Paragraph 44 of the FAC describes in detail the specific functionality accused of infringement, "the '913 Accused Functionality." The '913 Accused Functionality is described by mapping the pertinent features of an exemplary one of Defendants' products (in this case, the ASUS ZenPad 8.0) on to each element of the claims described in paragraphs 39-40, thereby demonstrating how the Accused Functionality, or its use, infringes the '913 patent. Plaintiffs' allegations of direct infringement of the '913 patent are not limited to the ASUS ZenPad 8.0, because other ASUS products also have the '913 Accused Functionality.

The scope of ASUS products accused of infringing the '913 patent is further detailed in paragraph 45 of the FAC. Contrary to Defendants' assertions, paragraph 45 of the FAC does not vaguely accuse generic categories of products. Rather, it expressly defines the '913 Accused Devices by type, by their common inclusion of the expressly described '913 Accused Functionality, by their common operating system, and, where possible, by named product lines. Specifically, paragraph 45 defines the '913 Accused Devices as follows:

> [S]martphones, tablet computers, notebooks, All-in-One PCs, and 2-in-1 PCs that include the above-referenced '913 Accused Functionality or similar functionality (e.g., by being pre-loaded with the Android Operating System, the Chrome Operating System, or the Windows Operating System version 8 or higher …) including, without limitation, the ZenFone family of smartphones, the PadFone family of smartphones, the ZenPad family of tablets, the Transformer Pad family of tablets, the Vivo Tab family of tablets, the Nexus family of tablets, the MeMo Pad family of tablets, the Chromebooks family of notebooks, and the Transformer Book Series family of 2-in-1 PCs …

The same, methodical and detailed approach was taken to plead direct infringement of each of the other 9 patents-in-suit. In each case, the FAC first describes exemplary claims on an element-by-element basis. *See* FAC at ¶¶55-57, 73-75, 86-87, 102, 111, 120, 129-130, 146, and 155-156. Then, the FAC identifies and defines the specific Accused Functionality that satisfies

4

each of those elements by delineating corresponding features of an exemplary ASUS product. *See* FAC at ¶¶60-62, 78-80, 91, 105, 114, 123, 134-135, 149, and 159-160. Then, the FAC expressly defines the Accused Devices for that patent as all ASUS products that include the Accused Functionality. *See* FAC at ¶¶63, 81, 92, 106, 115, 124, 136, 150, and 161. Further, the FAC identifies those product lines by name, where possible. *See id.* Finally, the FAC identifies the relevant hardware, software, and/or technology standard that, if included in one of Defendants' products, indicate the product contains the patent's Accused Functionality. *See id.*

## C. Specific Factual Allegations In Support of Each Cause of Action for Contributory Infringement

Plaintiffs also accuse Defendants of contributorily infringing method claims of certain patents, *i.e.*, the '913 patent, the '387 patent, the '806 patent, and the '819 patent. In each case, the allegation is based on the sale of Accused Devices that include specific Accused Functionality. For example, with respect to the '913 patent, paragraph 50 of the FAC alleges:

> Defendants have also contributorily infringed, and continue to contributorily infringe, the '913 patent in violation of 35 U.S.C. § 271 by offering to sell or selling within the United States or importing into the United States the '913 Accused Devices that include the '913 Accused Functionality or similar functionality (e.g., by being pre-loaded with the Android Operating System, the Chrome Operating System, or the Windows Operating System version 8 or higher) and/or software updates that include the '913 Accused Functionality or similar functionality for use in practicing at least the method of claim 1 of the '913 patent.

*See also* FAC at ¶¶68, 97 and 141. For each patent that is alleged to be contributorily infringed, the FAC specifies that direct infringement occurs when Defendants' customers use the Accused Functionality in the Accused Devices. For example, for the '913 patent, the FAC alleges: "Upon information and belief, Defendants themselves, their customers, and other end users actually use the '913 Accused Functionality or similar functionality in the '913 Accused Devices to practice each step of at least the method of claim 1 of the '913 patent." (FAC at ¶46.) *See also* FAC at

¶¶64, 93, and 137.

The FAC further explains that the Accused Devices have no substantial non-infringing use because the Accused Functionality can only be used to perform a method covered by the subject patent.  For example, for the '913 patent, the FAC alleges that "Upon information and belief, Defendants are aware that the '913 Accused Devices have no substantial non-infringing use at least because the '913 Accused Functionality or similar functionality included therein can only be used to infringe the '913 patent."  (FAC at ¶48.)  *See also* FAC at ¶¶66, 95, and 139.

Finally, as laid out in the section entitled "Notice to Defendants," the FAC alleges that Defendants have been on notice of the patents since before the filing of this lawsuit.  Therefore, Defendants are aware of the patents and are further aware that use of the Accused Functionalities constitutes infringement of the patents.  For example, with respect to the claim for contributory infringement of the '913 patent, paragraph 50 of the FAC alleges:

> Defendants have had notice of the '913 patent since at least May 21, 2013 as explained above.  Therefore, Defendants know that such functionality includes or constitutes a material part of the inventions claimed in the '913 patent and is especially made or adapted for use by others, including customers and other end users, to practice the methods of the '913 patent and thereby directly infringe at least the method of claim 1 of the '913 patent.  Further, Defendants know that such functionality is not a staple article or commodity of commerce suitable for substantial, non-infringing use.

*See also* FAC at ¶¶68, 97, and 141.

## IV.   ARGUMENT

### A.   Applicable Law

#### 1.   The Standard for Pleading Direct Infringement is "Facial Plausibility"

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets the pleading standard applicable to claims asserting direct patent infringement, and provides that a complaint "requires only a short and plain statement of the claim showing that the pleader is entitled to relief[] in order to

ME1 22593875v.1

give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks and citation omitted). "[T]he pleading standard Rule 8 announces does not require "detailed factual allegations" (*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)) or "an exposition of [a party's] legal argument" (*Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).

All that is required is that "a complaint [] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The plausibility requirement is not akin to "a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [defendants' liability]." *Twombly*, 550 U.S. at 556; *see also In re Bill of Lading*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) ("[Defendants are] essentially arguing that, at the pleading stage, [Plaintiffs] must allege facts that prove all aspects of its claims, or at the very least make those claims probable. But that is not what is required.").

In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

### 2.     The Abrogation of Rule 84 Did Not Alter the Pleading Standards for Alleging Direct Infringement

The Federal Rules of Civil Procedure were amended effective December 1, 2015 to abrogate Rule 84, which had referenced an appendix of exemplary forms for pleadings in various

types of cases, including Form 18 for patent cases. Defendants incorrectly assert that this amendment signaled a sea change in the substantive requirements for pleading a claim for direct patent infringement. In fact, the notes and report of the Judicial Conference Committee on Rules of Practice and Procedure expressly disclaim any such effect.

"The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 (Committee Notes on Rules – 2015 Amendment); *see also* Summary of the Report of the Judicial Conference Committee on Rules of Practice and Procedure, March 2015 at *16-17, available at http://www.uscourts.gov/file/18439/download ("By letter dated February 11, 2015, the [Supreme] Court recommended modest changes to the committee notes to Rules 4(m) and 84… The second suggestion is to revise the committee note for the Rule 84 abrogation … to clarify that the abrogation does not alter existing pleading standards"); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2:14-cv-772, 2016 WL 199417, at *2 fn. 1 (D. Nev. Jan. 15, 2016) ("Though Form 18 and Rule 84 were abrogated from the Federal Rules of Civil Procedure as of December 1, 2015, the Advisory Committee note associated with this change directly states, 'The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8.' Fed. R. Civ. P. 84 (2015 Advisory Committee Note). Thus, the Court refers to previously existing standards in ruling upon the instant Motion.")

Rather, Rule 84 was abrogated because certain of the forms became outdated, and the Committee had determined it was not worth the effort to update them as other sources of forms were now readily available. *See* Memorandum from J. Campbell re: Proposed Amendments to the Federal Rules of Civil Procedure, June 14, 2014, at *19. The advisory committee notes for Rule 84 are in accord. *See* Fed. R. Civ. P. 84 (Committee Notes on Rules – 2015 Amendment).

8

### 3. Pleading Contributory Infringement of Method Claims Requires Identifying a "Material or Apparatus"

To plead contributory infringement for a method claim, the complaint should allege facts showing: (1) Defendant sold or offered to sell a <u>material or apparatus</u> used in practicing a patented process, (2) the <u>material or apparatus</u> constitutes a material part of the invention and has no substantial non-infringing uses, and (3) Defendant knew that the <u>material or apparatus</u> was especially made or adapted for use in a way that would infringe the patent. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010) (emphasis added); *see also Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320-21 (Fed. Cir. 2009) (analyzing contributory infringement of method claims).

### B. The First Amended Complaint Satisfies the Pleading Standard for Direct Infringement

#### 1. The First Amended Complaint States a Facially Plausible Claim for Direct Infringement of All Asserted Patents

As detailed in section III.B above, the FAC goes far beyond what was contemplated for direct infringement pleading under *Twombly/Iqbal*. First, for each asserted patent, the FAC identifies the individual elements of one or more exemplary claims for that patent. *See, e.g.,* FAC at ¶¶39-40, 55-57, 73-75, 86-87, 102, 111, 120, 129-130, 146, and 155-156. Then, with reference to a specific exemplary product, the FAC specifically defines the particular Accused Functionality and explains, on an element-by-element basis, how that Accused Functionality satisfies the claims. *See, e.g.,* FAC at ¶¶44, 60-62, 78-80, 91, 105, 114, 123, 134-135, 149, and 159-160. Then, the FAC plainly defines the scope of Accused Devices for each patent as those products which include the previously defined Accused Functionality for that patent. *See, e.g.,* FAC at ¶¶45, 63, 81, 92, 106, 115, 124, 136, 150, and 161. The FAC also expressly identifies the relevant operating system, hardware, software and/or technical standard compliance that are

9

known by Plaintiffs to signal the presence of the Accused Functionality in a particular device. *See id*. Finally, the FAC provides a list of product lines, by name, that are known to include the Accused Functionality, and therefore constitute Accused Devices for each patent. *See id*.

Defendants wrongfully assert that "Philips does not allege that [the accused products] are linked by common attributes." (ASUS Br. at p.8.) The opposite is true. The products accused of infringing a particular patent are defined as "[patent no.] Accused Devices," specifically because they are linked by common attributes (*e.g.*, the "[patent no.] Accused Functionality"). For example, the '913 Accused Devices all have in common the keypad entry functionality that is described in paragraph 44 and defined as the '913 Accused Functionality and, as detailed in paragraph 45, are all "pre-loaded with the Android Operating System, the Chrome Operating System, or the Windows Operating System version 8 or higher." The FAC also identifies the common attributes shared by the Accused Devices that directly infringe each of the other 9 patents-in-suit. *See* FAC at ¶¶63, 81, 92, 106, 115, 124, 136, 150, and 161.

The allegations in the FAC provide more than fair notice to Defendants of what products are alleged to infringe each of the patents-in-suit and offer a more than plausible substantive basis for the infringement of each asserted patent. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555); *In re Bill of Lading*, 681 F.3d at 1342 ("At [the pleading] stage of the litigation a plaintiff is only required to plead enough facts to enable a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Iqbal*, 556 U.S. at 678).

## 2.    There is No Requirement to Separately Identify and Address all Accused Products Individually by Name or Model Number

Defendants incorrectly assert that "even under the now-abrogated Form 18 standard,

plaintiffs were required to specify which specific products were accused." (ASUS Br. at 4.) In fact, it has never been the rule in this District that a plaintiff must specifically identify accused products (*e.g.*, by name or model number) to adequately plead direct infringement. *See, e.g., In re Bear Creek,* MDL No. 12-2344-GMS, slip op. at 3 (D**.** Del. Sept. 27, 2012) ("It is well-established that, '[w]hile it is not necessary to identify specific products,' it is necessary for a complaint at least to 'mimic Form 18 and identify a general category of products.'") (citation omitted) (attached as Exhibit 1); *Intel Corp. v. Future Link Systems, LLC*, C.A. No. 14-377-LPS, 2015 WL 649294, at *13 (D. Del. Feb. 12, 2015); *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F.Supp.2d 772, 776 (D. Del. 2013) ("[T]his Court has repeatedly declined to dismiss pleadings that accuse general categories of products"); *St. Clair Intellectual Property Consultants, Inc. v. Apple Inc.*, C.A. No. 10-982-LPS, 2011 WL 4571812 at *2 (D. Del. Sept. 30, 2011); *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 353 (D. Del. 2010) ("[I]t is not necessary to identify specific products").

Defendants simply ignore the contrary authority in Delaware and rely entirely on a handful of decisions from district courts in Illinois and California. *See* ASUS Br. at 4. However, even those cases do not support Defendants' position, because they all involved allegations that were much less specific than the present FAC.

In *Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, the plaintiff vaguely alleged in its complaint that FuturePath "has infringed and continue to infringe these patents 'by making, using selling, and/or offering for sale **products** covered by claims' of each of the four patents." *Trading Techs.*, 2011 WL 1706136, at *1 (N.D. Ill. May 5, 2011) (emphasis added). Similarly, in *Wistron Corp. v. Phillip M. Adams & Assocs., LLC* the plaintiff merely alleged "Wistron and Open have directly infringed 'through, among other activities, the manufacture, use, importation,

11

sale and/or offer for sale of **computer chips, motherboards, computers and other products** …" *Wistron*, 2011 WL 4079231, at *1 (N.D. Cal. Sept. 12, 2011) (emphasis added).  Finally, in *Bender v. LG Elecs*, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) the complaint simply identified a lengthy list of generic categories of products (*e.g.,* cell phones and LG Mobile Phones).  By contrast, as explained above, the FAC in this case does not assert infringement of any particular patent merely by reference to the vague catch-all "products" or a generic category of products such as "cell phones" or "ASUS Mobile Phones."  Rather, the FAC defines the Accused Devices with respect to the Accused Functionality and also lists product lines, by name, that are known to include the Accused Functionality.[2]

Moreover, contrary to their assertion, none of Defendants' cases held that "[g]eneralized pleadings that identify only exemplary asserted products are insufficient under *Twombly* and *Iqbal*."  ASUS Br. at 6.  The complaints in *Wistron* and *Bender* were dismissed because the plaintiffs vaguely accused generic categories of products.  *See, e.g., Wistron*, 2011 WL 4079231, at *3; *Bender*, 2010 WL 889541, at *3.  And, even if *Wistron* and *Bender* did stand for the proposition that an identification of exemplary products is insufficient, it would not matter.  Those cases are not controlling authority in Delaware and the FAC in this case does far more than merely identify or accuse exemplary products.

Finally, there is no rule in this District against including an open-ended list of accused products in a complaint for patent infringement and, moreover, such pleadings are common in Delaware.  *See, e.g., Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*, C.A. No. 15-438, 2015 WL 7833206, at *2-3 (D. Del. Dec. 3, 2015) (denying motion to dismiss complaint alleging "Defendants have infringed and continue to infringe the 745 patent by making, using, offering

---

[2] Even *Bender* noted that reference to specific product lines, such as that in the FAC here, would have sufficed under Rule 8(a) and *Twombly*.  *See Bender*, 2010 WL 889541, at *4.

for sale or selling within the United States and/or importing into the United States products that infringe one or more claims of the 745 patent, **including but not limited to its Noxafil products**.") (emphasis added); *Custom Media Technologies LLC v. Charter Communications, Inc.*, C.A. No. 13-1425, 2014 WL 556131, at *2-3 (D. Del. Feb. 10, 2014) (denying motion to dismiss complaint alleging "Verizon's infringement includes, **but is not limited to**, its provision of DVR devices and DVR service to its FiOS television customers.") (emphasis added).

In fact, in *Mallinckrodt, Inc. v. E-Z-Em Inc.*, the court relied expressly on open-ended language in the complaint to deny a motion to dismiss after the only product identified by name in the complaint -- the EmpowerMR injector -- had been shown not to infringe:

> Defendants note that Plaintiffs do not allege that Defendants' injector alone infringes the '434 Patent, but in the Court's view, the Complaint does plead sufficient facts to put Defendants on notice of what they must defend. Paragraph 12 of the Complaint alleges, "Defendants have infringed ... one or more claims of the '434 Patent by making, using, offering to sell, and/or selling certain injector systems, *including but not limited to* injectors marketed under the name EmpowerMR."

*Mallinckrodt*, 670 F.Supp.2d 349, 352-53 (D. Del. 2009) (emphasis in original).

### 3. There is No Requirement to Individually Address All Claims of an Asserted Patent

Contrary to Defendants' assertion, a complaint need not include an exhaustive list of asserted claims or separately address, on an element-by-element basis or otherwise, the substantive bases applicable to every individual claim that might ultimately be litigated.[3] Any such requirement would plainly conflict with Rule 8(a)(2), which calls for a "short plain statement of the claim showing that the pleader is entitled to relief…"  In fact, several cases in

---

[3] Defendants cite to *Raindance Tech. v. 10X Genomics, Inc.*, C.A. No. 15-152, 2016 WL 927143 (D. Del. Mar. 4, 2016) for the proposition that every claim element must be addressed.  Even if this is true, Defendants never substantively argue that the FAC has not done this nor could they as the FAC explains element-by-element the basis for each patent's direct infringement claim.

this District have expressly rejected the notion that all asserted claims must be individually listed in a complaint for patent infringement. *See, e.g., In re Bear Creek*, MDL No. 12-2344-GMS, slip op. at 3 ("Importantly, a 'plaintiff is not required to specifically include each element of the asserted patent's claims or even identify which claims it is asserting; nor is it required to describe how the allegedly infringing products work,' as these details are determined through discovery") (citation omitted); *St. Clair,* 2011 WL 4571812 at *2 ("Next, [Defendants] assert[] that the Complaint fails to identify which of the 138 method and system claims of the asserted patents are allegedly infringed. [] This argument fails because '[a] plaintiff is not required to specifically include each element of the asserted patent's claims or even identify which claims it is asserting.'") (citation omitted); *Xpoint Technologies*, 730 F.Supp.2d at 353 ("A plaintiff is not required to specifically include each element of the asserted patent's claims or even identify which claims it is asserting; nor is it required to describe how the allegedly infringing products work."). Further, the *Twombly/Iqbal* standard asks only whether the claim (*i.e.*, count) as a whole "has facial plausibility" *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

Each of the 10 Causes of Action in the FAC states a count for direct infringement of one of the asserted patents, and articulates the basis for such count with respect to at least one or more specific claims of the pertinent patent. By definition, a count for direct infringement of a particular patent succeeds if the patentee demonstrates infringement of any claim of that patent. There is no requirement to show all, or even multiple, claims are infringed. Therefore, Plaintiffs' FAC plainly states facially plausible counts for direct infringement of all 10 patents-in-suit. Nothing more is required.

It is telling that Defendants have not cited a single case from this District which held that the *Twombly/Iqbal* standard requires the plaintiff to individually list all asserted claims of the

patent-in-suit in its complaint.  For this dubious proposition, Defendants rely entirely on dictum in an out-of-District, outlier case *Macronix Int'l Co. v. Spansion Inc.*, 4 F.Supp.3d 797, 803 (E.D.Va 2014).  The decision in *Macronix* directly conflicts with numerous decisions from the Eastern District of Virginia, and also with the Federal Circuit's decisions in *In re Bill of Lading* and *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007).[4]  *Macronix* has since been criticized by other district courts.  *See, e.g., JDS Uniphase Corp. v. CoAdna Photonics, Inc.*, 2014 WL 2918544, at * 2 (N.D. Cal. Jun. 26, 2014) ("As for *Macronix* [], that opinion forcefully disagrees that *Bill of Lading* and *McZeal* [] correctly applied the Supreme Court's decisions in *Twombly* and *Iqbal*. This court is unpersuaded by the opinion in *Macronix*, since it provides no argument for how *K–Tech*, which again reinforced the Federal Circuit's understanding of Form 18, can be distinguished.") (citations omitted).

In short, *Macronix* is neither controlling nor persuasive authority.  Even if it were, *Macronix* would still not apply here because the FAC identifies specific claims for each asserted patent, and then explains on an element-by-element basis how these claims are infringed.

### 4.    Defendants' Motion is Inconsistent with the Delaware Default Standard for Discovery

Defendants would require a complaint for patent infringement to separately list each claim of an asserted patent, and for each individual accused product, detail on an element-by-element basis the specific proof that such element is met.  In other words, Defendants would put the discovery cart before the pleading horse and require the complaint to include the equivalent of a comprehensive set of lengthy infringement claim charts.

In addition to being impractical and contrary both to Rule 8 and the pertinent case law,

---

[4] In fact, the *Macronix* court expressly acknowledged this in a footnote.  *Macronix*, 4 F.Supp.3d at 804 fn. 3.

Defendants' proposal is inconsistent with the Delaware Default Standard for Discovery and the long-standing practice of this Court. The Delaware Default Standard for Discovery provides that the additional information Defendants seek is provided as part of the discovery process, not as part of the initial pleadings. D. Del. Default Std., § 4.a, requires that "plaintiff shall specifically identify the accused products" and § 4.c requires "plaintiff shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes." Defendants' proposed pleading standard would render the section 4.a and 4.c disclosures entirely superfluous and therefore runs afoul of common sense in addition to applicable case law.

### 5.     ASUS Has Not Been Prejudiced By Philips' First Amended Complaint

Defendants assert that Plaintiffs are withholding notice of the true scope of their allegations in an attempt to sandbag Defendants. *See* ASUS Br. at 8-11. These baseless accusations are without merit. Plaintiffs have made a good faith effort to identify Defendants' infringing products and have alleged facts to explain how and why these products infringe. Further, Plaintiffs will comply with the Delaware Default Standard for Discovery, which provides that additional information sought by Defendants should be obtained through discovery, not in initial pleadings. *See* D. Del. Default Std., §§ 4.a and 4.c. Defendants cannot be prejudiced at this early stage in the case, particularly as Plaintiffs have more than satisfied the applicable pleading standards and will make the disclosures required by the Delaware Default Standard for Discovery at the times set by the Court in its Scheduling Order.

This issue was addressed in this District in *Fairchild*, 935 F.Supp.2d at 776:

> Fairchild's main concern is that it will be unable to properly investigate and respond to Power's infringement allegations because Fairchild sells "more than 20,000 different products" and is "in the dark" regarding which products stand accused. (D.I. 14 at 9) However, this concern has been addressed in the Scheduling Order (D.I. 29 at ¶ 3.c.i.) and the topic will be the subject of discovery. *See, e.g.,* D. Del. Default Std., § 4.a (requiring parties alleging patent infringement to "specifically identify the accused products and the asserted

patents and claims they allegedly infringe").

**C.    The First Amended Complaint Satisfies the Pleading Standard for
Contributory Infringement**

Plaintiffs have pled claims for contributory infringement for four patents (the '913 patent,
the '387 patent, the '806 patent, and the '819 patent).   Each such claim is directed to
infringement of only method claims.   For each contributory infringement claim, Plaintiffs have
identified the apparatus (*i.e.*, the Accused Devices) as well as the specific Accused Functionality
that is used to practice a patented method of that asserted patent.   For example, with respect to
the '913 patent, Plaintiffs alleged that "Defendants have also contributorily infringed, and
continue to contributorily infringe, the '913 patent in violation of 35 U.S.C. § 271 by offering to
sell or selling within the United States or importing into the United States the '913 Accused
Devices that include the '913 Accused Functionality or similar functionality … ***for use in
practicing at least the method of claim 1 of the '913 patent***."   (FAC at ¶50) (emphasis added).
*See also* FAC at ¶¶68, 97, and 141.

Defendants assert the FAC "fails to properly identify a 'component' as defined in §
271(c)."   ASUS Br. at 13.   But, this is the wrong inquiry because the FAC specifically asserts
contributory infringement of method claims, not apparatus claims.   As the language of 271(c)
makes clear, the concept of a "component" is only relevant when contributory infringement is
alleged for an apparatus claim ("Whoever offers to sell or sells within the United States or
imports into the United States **a component of a patented machine**, manufacture, combination
or composition.") (emphasis added).   Here, where Plaintiffs have pled contributory infringement
of method claims, it is not necessary to allege that Defendants sell a "component" of some larger

apparatus.[5]  It is only necessary to allege that Defendants sell some "material or apparatus" (*i.e.*, the Accused Devices) for use in practicing a patented process.  *See, e.g.,* FAC at ¶¶50, 68, 97, and 141.

Further, contrary to Defendants' assertion, the FAC <u>does</u> plead facts that support the contributory infringement claim.[6]  The Accused Functionality is described in the FAC with reference to the elements of a method claim which is asserted to be infringed directly and contributorily, and which therefore, by definition, has no substantial non-infringing use.  *See, e.g.,* FAC at ¶¶44, 60-62, 91-92, and 134-135.  Further, Plaintiffs properly allege that the accused devices have no substantial non-infringing use because the accused functionality included therein can only be used to infringe the patent.  *See* FAC at ¶48 ("Upon information and belief, Defendants are aware that the '913 Accused Devices have no substantial non-infringing use at least because the '913 Accused Functionality or similar functionality included therein can only be used to infringe the '913 patent."); *see also* FAC at ¶¶66, 95, and 139.  It is noteworthy, that Defendants have not explained how the specific Accused Functionality could be utilized by a customer in a manner other than to directly infringe the method claims of the patents which are alleged to be contributorily infringed by ASUS.

---

[5] The cases relied on by Defendants are inapposite.  In *MIH Int'l LLC v. Banyan Health Care Products Inc.*, C.A. No. 13-1330, D.I. 26, at *2 (D. Del. May 28, 2014) (attached as Exhibit 2) and *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) the plaintiff accused the same product of both directly infringing and contributorily infringing apparatus claims, not method claims.  *See Joy Technologies Inc. v. Flakt Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) (explaining that the sale of an apparatus for use in practicing a patented process constitutes contributory infringement under § 271(c) and not direct infringement under § 271(a)).

[6] *Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92, 2012 WL 2700495 (D. Del. Jul. 5, 2012) has no applicability as the plaintiff in that case provided no facts in support of its contributory infringement claims.  *Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. No. 11-1092, 2013 WL 571798 (D. Del. Feb. 13, 2013) is similarly inapplicable as the plaintiff did not even plead required elements of contributory infringement such as no "substantial noninfringing use."

ME1 22593875v.1

The fact that an Accused Device, as a whole, includes functionality other than the Accused Functionality does not defeat Plaintiffs' claim for contributory infringement. The Court of Appeals for the Federal Circuit addressed this issue in *Ricoh*, 550 F.3d at 1377, finding it would subvert the intent of § 271(c) if liability could be avoided by simply including other features within the accused device:

> It appears to be undisputed that, assuming direct infringement is found, [Defendants] would be liable under § 271(c) if it imported into or sold within the United States a bare component (say, a microcontroller containing routines to execute the patented methods) that had no use other than practicing the methods of the [patents-in-suit]. Such a component, specially adapted for use in the patented process and with no substantial noninfringing use, would plainly be "good for nothing else" but infringement of the patented process.

> It thus follows that [Defendants] should not be permitted to escape liability as a contributory infringer merely by embedding that microcontroller in a larger product with some additional, separable feature before importing and selling it. If we were to hold otherwise, then so long as the resulting product, as a whole, has a substantial non-infringing use based solely on the additional feature, no contributory liability would exist despite the presence of a component that, if sold alone, plainly would incur liability.

*See also Lucent*, 580 F.3d at 1320-21 (applying *Ricoh* to sale of Microsoft Outlook product which contained features in addition to the accused date-picker tool).

### D.       **If Necessary, Plaintiffs Respectfully Request Leave to Amend Their First Amended Complaint**

As explained above, Plaintiffs do not believe the recent amendments signal a change in the pleading requirements. This is borne out by the comments of the Judicial Conference Committee on Rules of Practice and Procedure itself (*see supra* at IV.A.2). Nevertheless, there has been considerable debate as to the impact, if any, of the recent abrogation of Rule 84 and Form 18 on pleading requirements in patent infringement cases.

Accordingly, Plaintiffs have made a good faith effort in the FAC to go well beyond what has been required in the past under any of Rule 8(a), Form 18 or the *Twombly/Iqbal* "facial

19

plausibility" standard.   Should this Court determine that the FAC in any way falls short of applicable pleading requirements, Plaintiffs respectfully request leave to amend.  Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave when justice so requires."  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as … bad faith … —the leave sought should, as the rules require, be 'freely given.'").  Justice requires as much in this case, particularly in light of the recent changes to the Federal Rules, the lack of a significant body of case law under the new rules, and the fact that this case is in its infancy and there is no prejudice to Defendants.[7]

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss or, if the Court is inclined to grant the motion, that Plaintiffs be afforded leave to amend the FAC.

---

[7] Defendants' cases are readily distinguishable.  In *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267 (3d Cir. 2001) leave to amend was denied for undue delay, in part, because plaintiff waited three years to amend, which is plainly not the case here.  In *Rolo v. City Investing Co. Liquidating Trust* leave to amend was sought under Fed. R. Civ. P. 60(b) which requires a showing of exceptional circumstances as opposed to here where Rule 15(a)(2) applies and dictates that leave "shall be freely given when justice so requires."  *See Rolo*, 155 F. 3d 644, 653-54 (3d Cir. 1998).  Finally, in *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70 (3d Cir. 1994), the plaintiff had already submitted three complaints before the court denied the fourth.

ME1 22593875v.1

Dated: May 26, 2016

Of Counsel:

Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
jsharret@fchs.com
dapgar@fchs.com

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

21