IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ASUSTeK COMPUTER INC. and<br>ASUS COMPUTER INTERNATIONAL,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1125-GMS |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HTC CORP. and<br>HTC AMERICA, INC.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1126-GMS |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VISUAL LAND, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1127-GMS |
| U.S. PHILIPS CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SOUTHERN TELECOM INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1128-GMS |

|  |  |
|---|---|
| Defendant. ) ) ) | |
| KONINKLIJKE PHILIPS N.V. and ) U.S. PHILIPS CORPORATION, ) ) Plaintiffs, ) ) v. ) ) DOUBLE POWER TECHNOLOGY, INC., ) ZOWEE MARKETING CO., LTD., and ) SHENZEN ZOWEE TECH. CO., LTD., ) ) Defendants. ) | C.A. No. 15-1130-GMS |
| KONINKLIJKE PHILIPS N.V. and ) U.S. PHILIPS CORPORATION, ) ) Plaintiffs, ) ) v. ) ) YIFANG USA, INC., d/b/a ) E-FUN, INC., ) ) Defendant. ) | C.A. No. 15-1131-GMS |
| KONINKLIJKE PHILIPS N.V. and ) U.S. PHILIPS CORPORATION, ) ) Plaintiffs, ) ) v. ) ) ACER INC. and ) ACER AMERICA CORPORATION, ) ) Defendants. ) | C.A. No. 15-1170-GMS |

## MEMORANDUM

### I. INTRODUCTION

The plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") initiated patent infringement lawsuits against ASUSTeK Computer Inc. et al., HTC Corp. et al. ("HTC"), Visual Land Inc., Southern Telecom Inc., Double Power Technology Inc. et al., YiFang USA, Inc., and Acer Inc. et al. (collectively, "the defendants") between December 7, 2015 and December 18, 2015. The plaintiffs subsequently filed First Amended Complaints ("FAC") against each of the defendants on April 11, 2016. The FAC accused each defendant of direct, induced, and contributory infringement of either nine or ten asserted patents.[1] Presently before the court is HTC's Motion to Dismiss for Failure to State a Claim filed April 29, 2016. (D.I. 19.)[2][3]

For the reasons discussed below, the court grants defendant HTC's motion in part and denies it in part.

### II. BACKGROUND

The plaintiffs in their FAC accuse the defendants of infringing an assortment of their method and device patents relating to "systems for which users can control apparatuses, displays, and content in an intuitive manner" in "present-day smartphones and tablet computers and other electronic devices." (D.I. 16, ¶ 21.) The FAC provides a list of "non-limiting examples" of

---

[1] The plaintiffs allege all seven defendants infringe U.S. Patent Nos. RE 44,913 ("the '913 Patent"), 6,690,387 ("the '387 Patent"), 7,184,064 ("the '064 Patent"), 7,529,806 ("the '806 Patent"), 5,910,797 ("the '797 Patent"), 6,522,695 ("the '695 Patent"), RE 44,006 ("the '006 patent"), 6,772,114 ("the '114 Patent"), and RE 43,564 ("the '564 Patent"). The plaintiffs further allege defendants ASUSTeK et al., HTC Corp. et al., and Acer Inc. et al. infringe U.S. Patent No. 8,543,819 (the "'819 Patent").

[2] Each of the defendants have effectively joined HTC's Motion to Dismiss. (Visual Land Inc., Southern Telecom Inc., Double Power Tech. et al., and YiFang USA joined HTC's Motion to Dismiss (D.I. 19)); Acer Inc. et al., YiFang USA, Double Power Tech. et al., ASUSTeK et al., and Southern Telecom Inc. joined HTC's Reply in Support of its Motion to Dismiss (D.I. 28)).

[3] For simplicity, all references to the parties' briefing will use the docket item numbering from C.A. No. 15-1126-GMS.

3

smartphones and tablets that the plaintiffs allege the defendants manufacture or manufactured, use, sell, and/or offer to sell within or import into the United States, including 'families' of particular product lines and specific product models. (D.I. 16, ¶ 34.)

For each patent-in-suit, the plaintiffs provide at least one example of each type of claim allegedly infringed. (D.I. 16, ¶¶ 39–40.) For example, the FAC explains that Claim 1 of the '913 Patent "is directed toward a method for inputting a character to a device including a keypad" and describes at length the scope of the claim. (*Id.*, ¶ 39.) It explains that Claim 4 of the '913 patent "is directed toward a device for receiving character input having a keypad having a plurality of keys." (*Id.*, ¶ 40.) The FAC then identifies at least one specific product the defendant manufactures, (*Id.*, ¶ 43), and describes the manner in which it directly infringes those enumerated claims (the "Accused Functionality" of the device). (*Id.*, ¶ 44.) The FAC then alleges that the defendant has induced and continues to induce others to infringe at least one of the enumerated claims of the patent-in-suit through similar specific examples. (*Id.*, ¶ 49.) For example, the FAC explains how the user manual for the HTC One M8 smartphone instructs users to perform the Accused Functionality which the plaintiff avers infringes Claim 1 of the '913 Patent. (*Id.*)

The FAC also alleges contributory infringement of each patent-in-suit by offering to sell, selling within, or importing into the United States, devices which offer the Accused Functionality. (*Id.*, ¶ 50.) It defines such devices as "Accused Devices" for each respective patent-in-suit. (*Id.*) The FAC alleges that HTC knows that these Accused Devices contain the Accused Functionalities, that the Accused Functionality includes or constitutes a material part of the inventions within the scope of the claims of each patent-in-suit, and that "such functionality is not a staple article or commodity of commerce suitable for substantial, non-infringing use." (*Id.*, ¶¶ 48, 50.)

4


HTC has filed a Motion to Dismiss for Failure to State a Claim in which it argues Philips' FAC fails to satisfy the pleading standards for both direct infringement and contributory infringement. For the reasons that follow, the court will deny the Motion for claims of direct infringement and grant the Motion for claims of contributory infringement.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement of plausibility is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 545.

A district court's decision to grant leave to amend a dismissed complaint is reviewed under an abuse of discretion standard. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

5

deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc.—the leave . . . should be freely given." *Id.* Moreover, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay . . . . In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Undue prejudice to the non-moving party may exist when granting leave to amend "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

## IV. DISCUSSION

HTC contends the FAC fails to satisfy the *Twombly/Iqbal* pleading standard for direct infringement because it alleges only a subset of exemplary claims and accused products and thus leaves open the possibility that many more claims may be added to the case later. (D.I. 20 at 5.) HTC also contends the FAC fails to plead all necessary elements of a claim for contributory infringement. (D.I. 20 at 10–11.) The court will address each in turn.

### A. Direct Infringement

As an initial matter, Form 18 no longer provides the proper measure for the sufficiency of a complaint that alleges direct infringement. Because the Advisory Committee for the Federal Rules of Civil Procedure abrogated Rule 84 and the Appendix of Forms effective December 1, 2015, the court must apply the *Twombly/Iqbal* pleading standard to the plaintiffs' complaint which was filed on December 7, 2015.[4] The court finds that Philips has met its burden under

---

[4] Unlike *Raindance Tech. v. 10X Genomics, Inc.*, C.A. No. 11-1092, 2016 WL 927143 (D. Del. Mar. 4, 2016) where Judge Andrews applied the post-December 1, 2015 direct infringement pleading standard to the amended complaint "in the interest of justice," here, this court finds such an exercise of discretion unnecessary because the FAC was filed after the effective date. *See Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.*, No. 15-CV-04525-EMC, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016) (citing *Maybe Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912, at *4-5 n.1 (D. Del. Dec. 3, 2015) (noting that "[a]mendments to the Federal Rules of Civil Procedure taking effect on December 1, 2015 abrogate Rule 84 and the Appendix of Forms, including Form 18" and that, "[u]nder the new rules, allegations of direct infringement will be

6

*Twombly/Iqbal*.

HTC contends that Philips' use of exemplary—rather than exhaustive—lists of products and claims renders the FAC deficient. (D.I. 20 at 6-7.) Defendant cites *Wistron Corp. v. Phillip M. Adams & Assocs. LLC*, No. C-10-4458 EMC, 2011 WL 4079231 at *1 (N.D. Cal. Sept. 12, 2011), *Bender v. LG Elecs. U.S.A., Inc.*, No. C. 09-02114 JF (PVT), 2010 WL 889541, at *2 (N.D. Cal. Mar. 11, 2010), and *Macronix Int'l. Co., Ltd., v. Spansion Inc.*, 4 F.Supp.3d 797, 798–99 (E.D. Va. 2014) in support of its argument that the claims of infringement should be dismissed. In *Wistron*, the court dismissed the complaint because it only listed the categories of allegedly infringing products without identifying any specific examples of a particular infringing computer chip, motherboard, or computer. *Wistron*, 2011 WL 4079231, at *4. Similarly, in *Bender*, the court dismissed a complaint which accused only "categories of products" the defendants produced "by way of example and without limitation." *Bender*, 2010 WL 889541, at *2. In *Macronix*, the court required that a complaint "recite[] the specific claim or claims which are alleged to be infringed" in order to conform with the pleading standards of *Twombly* and *Iqbal*. *Macronix*, 4 F.Supp.3d 797 at 798-799. Here, there are 148 claims in the patents-in-suit. Philips asserts 18 of those claims. As a result, HTC argues that the complaint is deficient "under *Macronix*, not to mention *Twombly* and *Iqbal*." (D.I. 20 at 8.)

The court is not persuaded. This District's local rules provide that "[w]ithin 30 days after the Rule 16 Conference and for each defendant, the plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent." D. Del. Default Std. §4.a. These rules were promulgated post *Twombly/Iqbal* and are consistent with the Federal Rules of Civil Procedure's and courts' concern that a complaint

---

subject to the pleading standards established by Twombly and Iqbal, requiring plaintiffs to demonstrate a 'plausible claim for relief'").

7

"give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[5] *Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. 662, 698 (2009).

Here, Philips provides specific details of at least one of the method and device claims allegedly infringed under each patent-in-suit, specific examples of at least one product HTC manufactures or sells that contains mechanisms or processes performing the identified functions, and specific examples of the class of products which also contain these Accused Functionalities. (D.I. 16, ¶¶ 39, 40, 44, 45.) These allegations are far more detailed than those dismissed in the cases HTC cites. Those cases featured general categories of products such as "computer chips, motherboards, and computers." *Wistron*, 2011 WL 4079231 at *1. Thus, the court concludes that Philips' complaint contains averments sufficient to withstand HTC's Motion to Dismiss.

### B. Contributory Infringement

The sale or offer to sell or import into the United States a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use" is known as contributory infringement and runs afoul of 35 U.S.C. § 271(c). In order to establish contributory infringement, a plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In Re Bill of Lading*, 681 F.3d 1325, 1337 (Fed. Cir. 2012). The plaintiff must also establish knowledge and intent. *See, e.g., Aro Mfg. Co. v. Convertible Red Top Replacement Co.*, 377 U.S. 476, 488 (1964). HTC argues that Philips' claim must be dismissed because it fails to plead any facts supporting the

---

[5] *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (recognizing that a claim to relief is plausible when the complaint alleges enough facts to create a reasonable expectation that discovery will yield evidence of illegality); *Cf. Windy City Innovations, LLC, v. Microsoft Corp.*, No. 16-cv-01729-YGR, 2016 WL 3361858, at *5 (N.D. Cal. June 17, 2016) (denying a motion to dismiss in which the defendant alleged plaintiffs were obligated to explain which specific products infringed each specific claim asserted because the district's local rules delegated such disclosure to discovery).

conclusory statement that the Accused Devices "are not staple articles or commodities of commerce suitable for substantial, non-infringing use." (D.I. 20 at 12.) The court agrees.

The court has previously dismissed allegations of contributory infringement which fail to allege facts demonstrating that the products bore no substantial non-infringing uses. *See Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, C.A. No. 12-1111-GMS, 2013 WL 6058472 at *1 n.5 (D. Del. Nov. 18, 2013) (Dismissing plaintiff's contributory infringement claim because plaintiff "fails to allege that [defendant's] products have no other substantial noninfringing uses."); *Bonutti Skeletal Innovations LLC v. ConforMIS*, C.A. No. 12-1109-GMS, 2013 WL 6040377, at *2 n.4 (D. Del. Nov. 14, 2013) (Dismissing plaintiff's contributory infringement claim that failed to allege "that the 'knee implants and products ... and/or associated instruments ... products and surgical technique guides' have no other substantial noninfringing uses.")

Here, Philips has specified the categories of products alleged to contributorily infringe as well as the Accused Functionalities they possess. Philips, however, provides no facts supporting the inference that the Accused Functionalities have no substantial non-infringing use beyond the assertion that "upon information and belief . . . the only use for the [ ] Accused Functionality is infringing the patent" and that the "Defendants know" this. (D.I. 16, ¶¶ 48, 50.) This is insufficient, and the court will grant HTC's Motion to Dismiss.

HTC also urges the court to dismiss without leave to amend because "any additional information they might add has been available to them since before they filed the original complaint." (D.I. 20 at 14.) HTC cites the Third Circuit's decision in *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70 (3d Cir. 1994) denying leave to amend where the plaintiff "[was] not seeking to add claims it inadvertently omitted from its prior complaints or which it did not know about earlier. Rather, [plaintiff was] modifying its allegations in hopes of remedying factual deficiencies

in its prior pleading." *Gasoline Sales, Inc.*, 39 F.3d at 74. *Gasoline Sales, Inc.* is distinguishable. Here, Philips has filed one amended complaint thus far; in *Gasoline Sales, Inc.* the plaintiffs had filed three amended complaints, leading the district court to declare "three attempts at a proper pleading is enough." *Id.* In addition, Philips' FAC already alleges HTC engaged in contributory infringement. (D.I. 16, ¶ 50.) Granting Philips leave to amend would not "result in additional discovery, cost, and preparation to defend against new . . . theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Thus, the court will grant the plaintiffs leave to amend their complaint to attempt to properly allege a claim for contributory infringement.

## IV. CONCLUSION

For the foregoing reasons, the court will grant the defendant HTC's Motion as to plaintiffs' allegations of contributory infringement but deny the Motion as to direct infringement. The court will also grant Philips' leave to amend the complaint in order to attempt to correct the pleading deficiencies previously noted regarding the contributory infringement claims dismissed by this order.

Dated: October 25, 2016

UNITED STATES DISTRICT COURT