IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br> v. <br><br> ASUSTeK COMPUTER INC. and <br> ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | C.A. No. 15-1125-GMS |
| MICROSOFT CORPORATION, <br><br> Intervenor-Plaintiff, <br> v. <br><br> KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Intervenor-Defendants. | |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Intervenor-Defendants/Counterclaim Plaintiffs in Intervention <br> v. <br><br> MICROSOFT CORPORATION, <br><br> Intervenor-Plaintiff/Counterclaim Defendant in Intervention <br><br> AND <br><br> MICROSOFT Mobile Inc. <br><br> Counterclaim Defendant Intervention | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>HTC CORP. and<br>HTC AMERICA, INC.<br><br>   Defendants. | C.A. No. 15-1126-GMS |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br> v.<br><br>VISUAL LAND INC.,<br><br>   Defendant. | C.A. No. 15-1127-GMS |
| MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br> v.<br><br>KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants. | |
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>   Intervenor-<br>   Defendants/Counterclaim<br>   Plaintiffs in Intervention<br> v.<br><br>MICROSOFT CORPORATION,<br><br>   Intervenor-<br>   Plaintiff/Counterclaim<br>   Defendant in | |

|  |  |
|---|---|
| Intervention ) <br> ) <br> AND ) <br> ) <br> MICROSOFT Mobile Inc. ) <br> ) <br>   Counterclaim Defendant ) <br>   Intervention ) <br> ) | |
| U.S. PHILIPS CORPORATION, ) <br> ) <br>   Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN TELECOM INC., ) <br> ) <br>   Defendant. ) <br> ) | C.A. No. 15-1128-GMS |
| KONINKLIJKE PHILIPS N.V. and ) <br> U.S. PHILIPS CORPORATION, ) <br> ) <br>   Plaintiffs, ) <br> v. ) <br> ) <br> DOUBLE POWER TECHNOLOGY INC., ) <br> ZOWEE MARKETING CO., LTD., ) <br> SHENZEN ZOWEE TECHNOLOGY CO., ) <br> LTD., ) <br> ) <br>   Defendants. ) <br> ) | C.A. No. 15-1130-GMS |
| MICROSOFT CORPORATION, ) <br> ) <br>   Intervenor-Plaintiff, ) <br> v. ) <br> ) <br> KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br> ) <br>   Intervenor-Defendants. ) <br> ) | |
| KONINKLIJKE PHILIPS N.V. and ) <br> U.S. PHILIPS CORPORATION, ) <br> ) <br>   Plaintiffs, ) | |

|  |  |
|---|---|
| v. | C.A. No. 15-1131-GMS |
| YIFANG USA, INC., d/b/a<br>E-FUN, INC., | |
| Defendant. | |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION, | |
| Plaintiffs, | |
| v. | C.A. No. 15-1170-GMS |
| ACER INC. and<br>ACER AMERICA CORPORATION, | |
| Defendants. | |

## MEMORANDUM

### I.  INTRODUCTION

Presently before the court in the above-captioned related patent infringement actions is Defendants' Joint Motion to Transfer, seeking to transfer for improper venue under 28 U.S.C. § 1406(a), or alternatively to transfer all of the actions to the Northern District of California under 28 U.S.C. § 1404(a).[1] (D.I. 166) Additionally, Microsoft Corporation and Microsoft Mobile Inc. ("Microsoft") filed a Motion to Transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) that is before the court. (D.I. 173.)[2] For the reasons set forth below, the court will deny Defendants' Joint Motion to Transfer and Microsoft's Motion to Transfer.

### II.  BACKGROUND

The plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") initiated patent infringement lawsuits against ASUSTeK Computer Inc. et al., HTC Corp. et al. ("HTC"), Visual Land Inc., Southern Telecom Inc., Double Power Technology Inc. et al., YiFang USA, Inc., and Acer Inc. et al. (collectively, "the defendants") between December 7, 2015 and December 18, 2015.[3] On March 8, 2016, defendants filed jointly-administered contemporaneous motions to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. §

---

[1] On June 6, 2017, defendants Acer Inc. and Acer America Corp. (CA. No. 15-1170, D.I. 201); ASUS Computer International and ASUSTeK Inc. (C.A. No. 15-1125, D.I. 166); HTC Corporation and HTC America, Inc. (C.A. No. 15-1126, D.I. 129); Southern Telecom, Inc. (C.A. No. 15-1128, D.I. 129); and YiFang USA, Inc. (C.A. No. 15-1131, D.I. 157) filed a motion to transfer venue to either the Northern District of California, Western District of Washington, or Eastern District of New York pursuant to 28 U.S.C. §1406 and alternatively transfer all actions to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

[2] For simplicity, all references to the parties' briefing, unless otherwise indicated, will use the docket item numbering from C.A. No. 15-1125-GMS.

[3] Of the defendants listed above, two (Visual Land Inc. and Double Power Technology Inc. et al.) have filed separate motions. Accordingly, the court's reasoning and decision does not apply to these parties.

1406(a). (D.I. 12.) On April, 11, 2016, Philips filed First Amended Complaints in these cases, alleging infringement against defendants on either nine or ten asserted patents. (D.I. 18.)

On June 22, 2016 defendants withdrew their respective motions to dismiss for lack of venue in light of the Federal Circuit's decision in *In re TC Heartland*, 2016 U.S. App. LEXIS 7753 (Fed. Cir. Apr. 29, 2016). (D.I. 31.) The court entered a Scheduling Order in all of the related cases on September 15, 2016 setting forth all dates leading up to trial. On November 23, 2016, Philips filed a Second Amended Complaint asserting infringement of an additional patent. (D.I. 76.) On December 22, 2016, defendants filed answers to the Second Amended Complaint. (D.I. 87.)

The court held a claim construction hearing on May 3, 2017. On June 6, 2017, Microsoft filed a motion to transfer venue to the Northern District of California. (D.I. 173.) On July 11, 2017, the court issued a claim construction order, construing the terms from the patents-in-suit. (D.I. 212.)

### III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(3) allows a defendant make a motion to dismiss for improper venue. Upon such a motion, the district court must determine whether venue is proper according to the appropriate statutes. *See Reed v. Weeks Marine, Inc.,* 166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001); *see also Kerobo v. Southwestern Clean Fuels Corp.,* 285 F.3d 531, 538 (6th Cir. 2002). The movant has the burden of proving that venue is improper in the selected forum. *See Myers v. American Dental Ass'n,* 695 F.2d 716, 724 (3d Cir. 1982).

Section 1406(a) provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In patent infringement actions, venue is proper "in the judicial district where the defendant resides,

or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). In *TC Heartland*, 137 S. Ct. at 1517, the Supreme Court reaffirmed its decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957), holding "that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."

Under 28 U.S.C. § 1404(a), a district court has "broad discretion to determine, on an individualized, case-by-case basis, whether the convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). The court engages in a two-step inquiry. It first determines whether the action could have been brought originally in the proposed transferee forum and then asks whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice. *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 725 (D. Del. 2012). It is the defendant's responsibility to demonstrate that transfer is appropriate at each step, *Jumara*, 55 F.3d at 879–80, and, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## IV. DISCUSSION

Defendants argue that the actions should be transferred for improper venue because the defendants neither "reside[]" nor "ha[ve] a regular and established place of business" within the District of Delaware. (D.I. 167 at 4-5.) In response, Philips argues that defendants "expressly and irrevocably" waived their defense of improper venue. (D.I. 191 at 2, 8-12.) The court agrees with Philips.

7

A defense of improper venue may be waived because of a party's conduct that is inconsistent with asserting the privilege. *See Wyrough Loser, Inc. v. Polmor Labs., Inc.*, 376 F.2d 543, 546 (3d Cir. 1967) ("defendant may waive the [venue] defense by action or conduct other than his voluntary appearance."); *Davis v. Smith*, 253 F.2d 286, 288 (3d Cir. 1958) ("The underlying theory of waiving venue or consenting to suit is that the litigant performs some act which indicates to the court that he elects not to raise his privilege of venue."). Federal Circuit precedent also makes clear that "[a] defendant may waive such affirmative defenses by actively litigating the suit, even where the defenses are properly included in the defendant's answer." *United States v. Ziegler Bolts & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997).[4]

Here, defendants waived any challenge to venue in this court through their conduct actively litigating this case since December 2015. On June 22, 2016, defendants voluntarily and expressly withdrew their original pending motion to dismiss for improper venue under Rule 12(b)(3) following the Federal Circuit's *TC Heartland*, 821 F.3d 1338 (Fed. Cir. 2016) decision. (D.I. 31.) Defendants' subsequent conduct further demonstrated abandonment of the venue defense. Following withdrawal of the motion, defendants: (1) participated in a scheduling conference; (2) conducted discovery, (3) entered into a stipulation and protective order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*. *See Plunkett v. Valhalla Inv. Servs., Inc.*, 409 F. Supp. 2d 39, 41 (D. Mass. 2006) (finding that a defendant had abandoned defense of improper venue based on ostensible conduct which demonstrated consent to venue in the district). Thus, the court finds that such conduct coupled with withdrawing their motion establishes waiver. *See Davis*, 253 F.2d at 289 ("This voluntary act subjected the [defendant] to suit because it unequivocally demonstrated waiver of the venue privilege.").

---

[4] Applying either the Third Circuit or Federal Circuit law, the court's analysis and ultimate conclusion does not change.

8

Defendants contend that they preserved their venue challenge by pleading improper venue. (D.I. 199 at 5-7.) Specifically, defendants assert that they preserved their objections to venue in their answers to Philips' Second Amended Complaints, alleging that none of the defendants resided in Delaware under the proper interpretation of § 1404 (b). (*See, e.g.*, D.I. 87, ¶ 14.)[5] The court need not grapple with the procedural arguments concerning preservation under Rules 12(g)(2) and 12(h)(1). As the court underscores above, the affirmative defense of improper venue may be waived by a defendant's actions through the course of litigation. Though the court is aware that defendants may have formally revived their venue defense through the responsive pleading, the defendants' conduct, here, is dispositive—contest it or lose it. The onus is on defendants to preserve all arguments on behalf of their clients, and voluntary withdrawal of the original improper venue motion is inconsistent with that burden.

In addition to the conduct demonstrating consent to venue prior to the Answers, defendants waived their venue defense by repeatedly seeking affirmative relief after the responsive pleading. *See Bel-Ray Co. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) ("[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter."). Defendants affirmatively asked the court to decide the merits of this action by challenging the validity and enforceability of two patents-in-suit in their Joint Motion for Judgment on the Pleadings. (D.I. 89, 91.) Defendants

---

[5] In the Answers, defendants allege the following:

> Venue is improper under 28 U.S.C. § 1400(b), which states that patent infringement actions may be brought only "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." For corporate entities, a defendant "resides" in its state of incorporation. Defendants are not incorporated in Delaware, and do not have a "regular and established place of business" in Delaware. Under § 1400(b), venue is therefore improper in this District. The Supreme Court has recently granted certiorari with respect to the decision in *In re TC Heartland*, 821 F.3d 1338 (Fed. Cir. 2016), to address this issue. Pending resolution of this issue of law, Defendants object to venue in this district.

also affirmatively challenged the merits of this action throughout claim construction by seeking to invalidate several claims based on alleged indefiniteness in their briefing and at the *Markman* hearing. (D.I. 118 at 2, 20-21; D.I. 134 at 1, 3, 6, 18; D.I. 143 at 96.) To counter, defendants contend that they have not sought affirmative relief by "merely defend[ing] against Philips' claims of patent infringement." (D.I. 199 at 7.) The court is not persuaded. The totality of defendants' active litigation effort makes clear that they have submitted to venue in the District of Delaware. Accordingly, the court denies defendants' joint motion to transfer.

Finally, the defendants' assert that the court should grant their motion because the venue defense was unavailable prior *TC Heartland* which, according to defendants, effected a "sea change in the law." (D.I. 199 at 2-3.) The court does not agree. An exception to the general rule of waiver "is recognized when an intervening decision from a superior court changes the controlling law." *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 263 (3d Cir. 2008). Several district courts have held that the Supreme Court's decision in "*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*." *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017); *accord iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-CV-04987, 2017 WL 2778006, at *5-7 (N.D. Tex. June 27, 2017); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017); *Elbit Sys. Land & C4l Ltd. v. Hughes Network Sys.., LLC*, No. 2:15-cv-000037, 2017 2651618, at *20 (E.D. Tex. June 20, 2017); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *3 (D. Mass. June 29, 2007). The court agrees with the analysis and conclusions announced in these district court decisions. Thus, it joins in what appears to be a growing consensus that *TC Heartland* did not

effect an intervening change in the law. The result in this case is to deprive defendants of the benefit of the intervening law exception to waiver.

## V. CONCLUSION

Because the court finds that defendants waived the available defense of improper venue and have implicitly conceded that venue is proper in this court, the court declines to consider the merits of venue under 28 U.S.C. § 1404(b).[6] For the foregoing reasons, the court will deny Defendant's Joint Motion to Transfer (D.I. 166) and Microsoft's Motion to Transfer (D.I. 173.)

Dated: July 10, 2017

_____
UNITED STATES DISTRICT JUDGE

---

[6] With respect to defendants' alternative argument and Microsoft's Motion to Transfer under § 1404(a), the court concludes that transfer of the related actions would not be in the interests of justice. The court notes that it and the parties have invested significant time and resources in resolving the parties' motions and claim construction disputes. Particularly, the court has devoted time to review relevant materials from the United States Patent and Trademark Office, the Patent Trial and Appeal Board, and the Federal Circuit regarding the asserted patents and prior art. Given the advanced stage of this litigation, there is no credible argument that transferring venue in this case would further judicial economy or the interests of justice.