**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>           **Plaintiffs,**<br><br>   **v.**<br><br>**ASUSTEK COMPUTER INC.,**<br>**ASUS COMPUTER INTERNATIONAL,**<br><br>        **Defendants.** | Case No.: 15-1125-GMS<br><br>**JURY TRIAL DEMANDED** |

**MICROSOFT CORPORATION,**

            **Intervenor-Plaintiff,**

    **v.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

            **Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

            **Intervenor-**
            **Defendants/Counterclaim**
            **Plaintiffs in Intervention**

    **v.**

**MICROSOFT CORPORATION**

            **Intervenor-**
            **Plaintiff/Counterclaim**
            **Defendant in**
            **Intervention**

**AND**

- 1 -

**MICROSOFT MOBILE INC.**

    **Counterclaim Defendant
in Intervention**

---

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

    **Plaintiffs,**

    **v.**

**VISUAL LAND, INC.**

    **Defendant.**

Case No.: 15-1127-GMS

**JURY TRIAL DEMANDED**

**MICROSOFT CORPORATION,**

    **Intervenor-Plaintiff,**

    **v.**

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

    **Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

    **Intervenor-
Defendants/Counterclaim
Plaintiffs in Intervention**

    **v.**

**MICROSOFT CORPORATION**

    **Intervenor-**

- 2 -

|  |  |
|---|---|
| **Plaintiff/Counterclaim Defendant in Intervention**<br><br>**AND**<br><br>**MICROSOFT MOBILE INC.**<br><br>        **Counterclaim Defendant in Intervention** |  |

|  |  |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,**<br>**U.S. PHILIPS CORPORATION,**<br><br>        **Plaintiffs,**<br><br>  v.<br><br>**DOUBLE POWER TECHNOLOGY, INC.,**<br>**ZOWEE MARKETING CO., LTD.,**<br>**SHENZEN ZOWEE TECHNOLOGY CO.,**<br>**LTD.**<br><br>        **Defendants.** | Case No.: 15-1130-GMS<br><br>**JURY TRIAL DEMANDED** |

**MICROSOFT CORPORATION,**

        **Intervenor-Plaintiff,**

  v.

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

        **Intervenor-Defendants.**

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

        **Intervenor-**

ME1 25905058v.1

**Defendants/Counterclaim
Plaintiffs in Intervention**

v.

**MICROSOFT CORPORATION**

**Intervenor-
Plaintiff/Counterclaim
Defendant in
Intervention**

**AND**

**MICROSOFT MOBILE INC.**

**Counterclaim Defendant
in Intervention**

---

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

**Plaintiffs,**

v.

**YIFANG USA, INC. D/B/A E-FUN, INC.,**

**Defendant.**

Case No.: 15-1131-GMS

**JURY TRIAL DEMANDED**

**MICROSOFT CORPORATION,**

**Intervenor-Plaintiff,**

v.

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

**Intervenor-Defendants.**

ME1 25905058v.1

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

                    **Intervenor-**
                    **Defendants/Counterclaim**
                    **Plaintiffs in Intervention**

     **v.**

**MICROSOFT CORPORATION**

                    **Intervenor-**
                    **Plaintiff/Counterclaim**
                    **Defendant in**
                    **Intervention**

**AND**

**MICROSOFT MOBILE INC.**

                    **Counterclaim Defendant**
                    **in Intervention**

---

**KONINKLIJKE PHILIPS N.V.,**
**U.S. PHILIPS CORPORATION,**

                    **Plaintiffs,**

     **v.**

**ACER INC.,**
**ACER AMERICA CORPORATION,**

                    **Defendants.**

Case No.: 15-1170-GMS

**JURY TRIAL DEMANDED**

**MICROSOFT CORPORATION,**

                    **Intervenor-Plaintiff,**

ME1 25905058v.1

v.

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

               **Intervenor-Defendants.**

---

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

               **Intervenor-
Defendants/Counterclaim
Plaintiffs in Intervention**

v.

**MICROSOFT CORPORATION**

               **Intervenor-
Plaintiff/Counterclaim
Defendant in
Intervention**

**AND**

**MICROSOFT MOBILE INC.**

               **Counterclaim Defendant
in Intervention**

---

**KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,**

               **Plaintiffs,**

v.

**HTC CORP.,
HTC AMERICA, INC.**

               **Defendants.**

Case No.: 15-1126-GMS

**JURY TRIAL DEMANDED**

- 6 -

## NOTICE OF SUBPOENA TO NON-PARTY GOOGLE INC.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively,

"Philips") will serve a subpoena upon non-party Google Inc. in the above-captioned cases in the

form attached hereto as Exhibit 1, to testify at a deposition and for the production of documents

and things, as described in Schedules A and B to the subpoena.

Dated: October 17, 2017

Of Counsel:

Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
Christopher M. Gerson
Jaime F. Cardenas-Navia
Robert S. Pickens
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax : (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
jsharret@fchs.com
dapgar@fchs.com
cgerson@fchs.com
jcardenas-navia@fchs.com
rpickens@fchs.com

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

- 7 -

# EXHIBIT 1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| Koninklijke Philips N.V., U.S. Philips Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Asustek Computer Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.   15-1125, 15-1126, 15-1127,
15-1130, 15-1131, 15-1170

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Google Inc.
c/o Matthew Warren, 2261 Market Street, No. 606, San Francisco, CA 94114
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Topics identified in Schedule B.

| Place: 980 9th Street, 16th floor, Sacramento, California 95814 OR mutually agreed-upon location | Date and Time: 11/07/2017 9:00 am    OR mutually agreed-upon location |
|---|---|

The deposition will be recorded by this method:   audio, video, and/or stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Documents identified in Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/17/2017

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Joyce Lee Nadipuram
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Koninklijke Philips N.V. and U.S. Philips Corporation
_____ , who issues or requests this subpoena, are:

Joyce L. Nadipuram, 1290 Avenue of the Americas, New York, NY 10104, jnadipuram@fchs.com, 212-218-2255

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-1125, 15-1126, 15-1127,  15-1130, 15-1131, 15-1170

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

As used in this Exhibit, the terms listed below are defined as follow:

1.    The terms "Google," "You," and "Your," as used herein, mean Google Inc., their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

2.    The terms "Philips" or "Plaintiffs," as used herein, mean Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

3.    The term "Defendants," as used herein, means ASUSTeK Computer Inc., ASUS Computer International, HTC Corp., HTC America, Inc., Visual Land, Inc., Double Power Technology, Inc., Zowee Marketing Co., Ltd., Shenzen Zowee Technology Co., Ltd., YiFang USA, Inc. d/b/a E-Fun, Inc., Acer Inc., Acer America Corp., Microsoft Corp., and Microsoft Mobile Inc., collectively and/or individually, as appropriate, their predecessors and successors, parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

4.    The term "Defendants' Accused Products," as used herein means the devices listed in Appendix A, attached.

5.     "Related Litigations," as used herein, means all litigations (past or present), or other legal proceedings in which anyone has asserted claims relating to the Patent-in-Suit or any Related Patents or Related Applications, including but not limited to:  *Koninklijke Philips N.V. v. ASUSTEK Computer Inc.*, C.A. No. 15-1125-GMS; *Koninklijke Philips N.V. v. HTC Corp.*, C.A. No. 15-1126-GMS; *Koninklijke Philips N.V. v. Visual Land, Inc.*, C.A. No. 15-1127-GMS; *Koninklijke Philips N.V. v. Double Power Technology, Inc.*, C.A. No. 15-1130-GMS; *Koninklijke Philips N.V. v. YiFang USA, Inc. d/b/a E-Fun, Inc.*, C.A. No. 15-1131-GMS; *Koninklijke Philips N.V. v. Acer Inc.*, C.A. No. 15-1170-GMS.

6.     "'913 Patent," as used herein, means U.S. Patent No. RE 44,913.

7.     "'387 Patent," as used herein, means U.S. Patent No. 6,690,387.

8.     "'064 Patent," as used herein, means U.S. Patent No. 7,184,064.

9.     "'806 Patent," as used herein, means U.S. Patent No. 7,529,806.

10.    "'797 Patent," as used herein, means U.S. Patent No. 5,910,797.

11.    "'695 Patent," as used herein, means U.S. Patent No. 6,522,695.

12.    "'006 Patent," as used herein, means U.S. Patent No. RE 44,006.

13.    "'819 Patent," as used herein, means U.S. Patent No. 8,543,819.

14.    "'809 Patent," as used herein, means U.S. Patent No. 9,436,809.

15.    "'114 Patent," as used herein, means U.S. Patent No. 6,772,114.

16.    "'564 Patent," as used herein, means U.S. Patent No. RE 43,564.

17.    "Asserted Patents" and "Patents-in-Suit," as used herein, mean the '913 Patent, '387 Patent, '064 Patent, '806 Patent, '797 Patent, '695 Patent, '006 Patent, '819 Patent, '809 Patent, '114 Patent, and '564 Patent, and any other patent added to the Related Litigations by amended pleading or complaint.

- 9 -

18.     "Relevant Hardware Products," as used herein, means the Acer Chromebook (CB5-311P), Acer Chromebook 11 C738T (C738T), Acer Chromebook C720 (C720P), Acer Chromebook R11 (CB5-132T), Acer Chromebook R11 (CB5-132T-C32M), Acer Aspire E (E5-573TG), Acer DC Chromebase, (DC221HQ-CWMIRCZ), Acer Chromebook 14 (CB3-431-C0AK), Acer Chromebook 14 (CB3-431-C5FM), Acer Chromebook 14 (CP5-471-312N), Acer Chromebox (CXI2-2GKM), Acer Chromebox (CXI2-4GKM),  Acer Chromebook R13 (CB5-312T), Acer Chromebase 24 (CA24I), ASUS Chromebook Flip C100PA, ASUS Chromebook Flip C302, ASUS Google Nexus 7, ASUS Google Nexus 7 (2013), ASUS Google Nexus 7 2 Cellular with 3G/4G support, ASUS Google Nexus 7 2 with no cellular network support, and HTC Nexus 9.

19.     "Relevant Date," as used herein, means December 7, 2009 (*i.e.,* six years prior to the filing of the first complaint in the Related Litigations).

20.      "Any" and "all," as used herein, shall include "each and every."

21.     "And" or "or," as used herein, shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

22.     "Relate to," "related to" or "relating to," as used herein, means embodying, pertaining, concerning, involving, constituting, commenting upon, comprising, reflecting, discussing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

23.     "Identify," when used herein with reference to a natural person, means to specify his/her full name, present and last known business address or residence address, and his/her present and last known employment position, including a description of his/her duties and responsibilities.  If a person is employed by or holds titles or positions at more than one

- 10 -

entity, all such employment relationships, titles, or positions and associated entities should be fully detailed.

24.    "Identify," when used herein with reference to a date, means to specify the month, day, and year.

25.    "Identify," when used herein with reference to a Document, means to specify the title and general subject matter of the Document, the month, day, and year the Document was created, the author(s) of the Document, any recipient(s) of the Document including when the Document was distributed and the name of each person that has or had possession, custody, or control of the Document, and the production number(s) and the location of all copies of the Document.

26.    "Person," as used herein, means any natural person or any business, legal or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association or other entity.

27.    "Document," as used herein, means all documents or electronically stored information, whether an original, a draft, or a copy, however reproduced – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including but not limited to the examples set forth in Federal Rules of Evidence 1001.  Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate document.

- 11 -

28.     "Thing," as used herein, has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of You.

29.     "Communication," as used herein, means every manner of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery or otherwise.

30.     "Concerning," as used herein, means relating to, referring to, describing, evidencing or constituting.

31.     "Product," as used herein, means a machine, apparatus, device, instrument, mechanism, appliance, assembly, algorithm, software, system, program, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, electronically (including the method of use or operation of such product or equipment) or otherwise, to achieve a particular function or purpose.

32.     "Related Patents" and "Related Applications," as used herein, respectively mean all patents and patent applications that are cross-referenced in any of the Patents-in-Suit as being related or that are related to the Patents-in-Suit in any way, including, without limitation, any parent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or patent application, or any patent or patent application claiming priority to any of the foregoing.

33.     "Infringe" and "infringement," as used herein, refer to direct infringement, contributory infringement, inducement of infringement, literal infringement, and/or infringement under the doctrine of equivalents or any other infringement actionable under United States law.

ME1 25905058v.1

34.     "Prior art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event as defined in 35 U.S.C. §102, taken singly or in combination.

35.     "Transfer of Rights," as used herein, means an assignment, license, sublicense, cross-license, release, covenant not to sue, grant of manufacturing rights, or grant of any other rights in a patent or patent application, domestic or foreign, whether alone or in combination with other consideration.

## INSTRUCTIONS

1. All documents produced should be produced in the manner, form, and sequence in which they are kept in the ordinary course of business, as required by Rule 45 of the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, labels, designations, or information as to the location of the documents.

2. Your response shall not be deemed complete until documents and things are produced or a date certain is provided as to when the requested documents and things will be produced.

3. If no documents are responsive to a particular request, You are to state that no responsive documents exist.

4. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures thereto.

5. In response to each request, You shall state whether any material has been or will be redacted from documents, and the basis for the redaction. Redactions should be clearly indicated on a document at the location where the redaction has been made.

6. In the event You object to any request herein or any part thereof, You shall state with specificity the grounds of objection and respond to the fullest extent that such production is not subject to objection.

7. In the event that any document called for by any of the requests has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody or control, You shall identify such document as completely as possible, including, without limitation, the following information: (i) date of disposal; (ii) manner of disposal; (iii) reason for disposal; (iv) person authorizing the disposal; and (v) person disposing of the document.

- 14 -

8.      In the event You object to the production of any document or thing on the ground that it is protected from discovery under the attorney-client privilege or work product immunity or is otherwise not discoverable, You shall identify each such document or thing on a separate schedule to be produced to Plaintiffs.  Such schedule shall set forth, for each document or thing, sufficient information to enable the document or thing to be properly identified, including, without limitation, the following information: (i) the request to which the document or thing pertains; (ii) the document type (letter, memorandum, report, etc.); (iii) the document title; (iv) the document date; (v) the name or names and job titles of the author(s) of the document; (vi) the name and job title of each recipient of the document; (vii) a summary of the document's general subject matter; and (viii) an explanation of the claim of privilege or immunity.

9.      References to companies, corporations, partnerships, unincorporated associations, or other entities include each director, officer, employee, agent, attorney, representative, instrumentality, parent, subsidiary, division, subdivision, affiliate, joint venture, component, or unit thereof.

10.      The singular form of a word should be interpreted in the plural as well.  Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as is most appropriate in each case.

11.      These requests seek all documents and things in the possession of You, Your representatives, agents, employees, investigators, consultants and, unless privileged, their counsel.

12.      Use of the past tense includes the present tense unless otherwise explicitly delimited.

- 15 -

13.     Unless otherwise indicated in a particular request, the request is not date or time limited.

14.     Definitions or usages or words or phrases in these request are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Philips in this or any other proceeding.

- 16 -

## DOCUMENT REQUESTS

1.        Source code for a representative version of the Google Play Movies & TV Android application supporting HLS media streaming technology, MPEG-DASH media streaming technology, or adaptive bit-rate streaming technology, which was pre-loaded on the Relevant Hardware Products or Defendants' Accused Products.

2.        Source code for a representative version of the Google Chrome Android application (web browser) supporting scrolling and magnification (including double tap to zoom, pinch to zoom, and link magnification), which was pre-loaded on the Relevant Hardware Products or Defendants' Accused Products.

3.        All documents related to the design, development, structure, implementation, operation, testing, and support for HLS media streaming technology, MPEG-DASH media streaming technology, or adaptive bit-rate streaming technology in the Google Play Movies & TV Android application.

4.        All documents related to the design, development, structure, implementation, operation, testing, and support for scrolling and magnification (including double tap to zoom, pinch to zoom, and link magnification) in the Google Chrome Android application (web browser).

- 17 -

**SCHEDULE B**

**DEFINITIONS**

The definitions set forth in Schedule A are incorporated herein by reference.

**INSTRUCTIONS**

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about the topics listed herein.

**DEPOSITION TOPICS**

1.      The subject matter, content and authenticity of all Documents and Things produced by You in response to Schedule A.

2.      The design, development, structure, implementation, operation, testing, and support for HLS media streaming technology, MPEG-DASH media streaming technology, and adaptive bit-rate streaming technology in the Google Play Movies & TV Android application.

3.      The design, development, structure, implementation, operation, testing, and support for scrolling and magnification (including double tap to zoom, pinch to zoom, and link magnification) in the Google Chrome Android application (web browser).

- 18 -

**APPENDIX A**

- Acer Chromebook CB5-311P

- Acer Chromebook 11 C738T C738T

- Acer Chromebook C720 C720P

- Acer Chromebook R11 CB5-132T

- Acer CloudMobile S500

- Acer Iconia

- Acer Iconia A1-830

- Acer Iconia B1-720

- Acer Iconia B1-721

- Acer Iconia One 7 B1-730

- Acer Iconia One 7 B1-730HD

- Acer Iconia One 7 B1-750

- Acer Iconia One 7 B1-760

- Acer Iconia One 7 B1-760HD

- Acer Iconia One 7 B1-770

- Acer Iconia One 7 B1-780

- Acer Iconia One 8 B1-810

- Acer Iconia One 8 B1-820

- Acer Iconia One 8 B1-830

- Acer Iconia One 8 B1-850

- Acer Iconia Tab 10 A3-A30

- Acer Iconia Tab 7 A1-713

ME1 25905058v.1

- Acer Iconia Tab 7 A1-713HD

- Acer Iconia Tab 8 A1-840FHD

- Acer Iconia Tab 8 A1-850

- Acer Iconia Tab A100

- Acer Iconia Tab A200

- Acer Iconia Tab A500

- Acer Iconia Tab A501

- Acer Liquid E2

- Acer Liquid Jade Z

- Acer Liquid M220

- Acer Liquid M330

- Acer Liquid Z410

- Acer Predator 8 GT-810

- Acer DC Chromebase

- Acer Chromebook R13 CB5-312T

- Acer Iconia One 10 B3-A10

- Acer Iconia One 10 B3-A20

- Acer Iconia One 10 B3-A30

- Acer Chromebase 24 CA24I

- ASUS Chromebook Flip C100PA

- ASUS Eee Pad Slider (SL101)

- ASUS Google Nexus 7

- ASUS Google Nexus 7 (2013)

- 20 -

- ASUS Google Nexus 7 2 Cellular with 3G/4G support

- ASUS Google Nexus 7 2 with no cellular network support

- ASUS MeMO

- ASUS MeMO 171 (ASUS Eee Pad Memo 171)

- ASUS MeMO Pad 10 (ME102A)

- ASUS MeMO Pad 10 (ME103K)

- ASUS MeMO Pad 7 (ME170C)

- ASUS MeMO Pad 7 LTE (Model ME375CL)

- ASUS MeMO Pad 7 ME176CX

- ASUS MeMO Pad 7 ME572C

- ASUS MeMO Pad 8 ME180A

- ASUS MeMO Pad 8 ME181C

- ASUS MeMO Pad FHD10 ME302C

- ASUS MeMO Pad HD7 (Model ME173X)

- ASUS MeMO Pad Smart 10

- ASUS PadFone X

- ASUS PadFone X mini

- ASUS Transformer Pad TF103C

- ASUS Transformer Pad TF300T

- ASUS Transformer Pad TF701T

- ASUS Zenfone 2 Deluxe ZE551ML; ASUS Zenfone 2 Deluxe Special Edition

- ASUS Zenfone 2 Laser ZE551KL

- ASUS Zenfone 2 ZE551ML

- 21 -

- ASUS Zenfone 2E

- ASUS Zenfone Zoom ZX551ML

- ASUS ZenPad 10 Z300CL

- ASUS ZenPad 10 Z300M

- ASUS ZenPad 8.0 Z380C

- ASUS ZenPad 8.0 Z380CX

- ASUS ZenPad 8.0 Z380M

- ASUS ZenPad C 7.0 (Model Z170C)

- ASUS ZenPad S 8.0 Z580C

- ASUS ZenPad S 8.0 Z580CA

- ASUS ZenPad Z10 (ZT500KL)

- ASUS ZenPad 3S 10 (Z500M)

- ASUS ZenPad Z8 (ZT581KL)

- ASUS ZenFone 3 Laser (ZC551KL)

- ASUS ZenFone 3 Deluxe (ZS570KL)

- ASUS ZenFone 3 Deluxe (ZS550KL)

- ASUS ZenFone 3 Max (ZC520TL)

- ASUS ZenFone AR (ZS571KL)

- ASUS ZenFone 3 Zoom (ZE553KL)

- ASUS Chromebook Flip C302

- ASUS MeMO Pad 7 (ME176C)

- ASUS MeMO Pad HD8

- HTC A6366; HTC Aria

- 22 -

- HTC A8181; HTC Desire

- HTC ADR6400; Incredible HD; HTC ThunderBolt

- HTC ADR6425; HTC Vigor; HTC Droid Incredible HD; HTC Rezound; HTC
  Thunderbolt 2

- HTC Droid Incredible

- HTC 10

- HTC Amaze 4G

- HTC Desire 510

- HTC Desire 512

- HTC Desire 520

- HTC Desire 526

- HTC Desire 610

- HTC Desire 612

- HTC Desire 626

- HTC Desire 626s

- HTC Desire 816

- HTC Desire C

- HTC Desire Eye

- HTC Droid DNA

- HTC Droid Incredible 2

- HTC Droid Incredible 4G LTE

- HTC Evo 3D CDMA; HTC EVO V 4G (Virgin Mobile)

- HTC Evo 4G LTE

- 23 -

- HTC Evo Design 4G

- HTC First

- HTC Hero S

- HTC Inspire 4G

- HTC Nexus 9

- HTC One

- HTC One (E8); HTC One (E8) Ace; HTC One (E8) dual sim

- HTC One A9; HTC Aero

- HTC One M8

- HTC One M9

- HTC One Max; HTC T6

- HTC One Mini; HTC M4

- HTC One Remix

- HTC One S

- HTC One SV

- HTC One V

- HTC One VX

- HTC One X

- HTC One X AT&T

- HTC One X+

- HTC Puccini; Jetstream

- HTC Rhyme

- HTC Sensation

- 24 -

- HTC Sensation 4G

- HTC Status

- HTC Vivid

- HTC Wildfire S; HTC PG76110

- HTC Bolt

- HTC Desire 530

- Double Power 9D181

- Double Power D-7015

- Double Power D-7015K

- Double Power D-7018

- Double Power D7020

- Double Power DP 717

- Double Power DP7856

- Double Power DPA23D

- Double Power DPM1081

- Double Power DPM7827

- Double Power EM63

- Double Power GS-918

- Double Power M-7066

- Double Power M-7088

- Double Power M975

- Double Power M980K

- Double Power MD-702

- 25 -

- Double Power MD-740

- Double Power NB 1022

- Double Power NB07

- Double Power NB09

- Double Power NB7022 S

- Double Power NB7850 S

- Double Power NS-13T001

- Double Power NS-14T002

- Double Power NS-14T004

- Double Power NS-15AT07

- Double Power NS-15AT08

- Double Power NS-15AT10

- Double Power NS-15T8LTE

- Double Power NS-P10A6100

- Double Power NS-P16AT08

- Double Power NS-P16AT10

- Double Power NS-P16AT785HD

- Double Power T708

- Double Power T-711

- Double Power TD-1010

- Double Power NS-P10A7100

- Double Power NS-P08A7100

- Visual Land Connect 7

- 26 -

- Visual Land Connect 9

- Visual Land Prestige 10

- Visual Land Prestige 7

- Visual Land Prestige 7G

- Visual Land Prestige 7L

- Visual Land Prestige 8

- Visual Land Prestige Elite 10Q

- Visual Land Prestige Elite 10Q+

- Visual Land Prestige Elite 10Qi

- Visual Land Prestige Elite 10QL with Keyboard Case

- Visual Land Prestige Elite 10QS

- Visual Land Prestige Elite 11Q with Docking Keyboard Case

- Visual Land Prestige Elite 13Q

- Visual Land Prestige Elite 7Q

- Visual Land Prestige Elite 7Q FamTab

- Visual Land Prestige Elite 7QL with Bumper

- Visual Land Prestige Elite 7QS (16 GB); Prestige Elite 7QS (8 GB)

- Visual Land Prestige Elite 8Q

- Visual Land Prestige Elite 8QI with Bumper

- Visual Land Prestige Elite 8QI with Keyboard Case

- Visual Land Prestige Elite 8QS

- Visual Land Prestige Elite 8QS with Keyboard Case

- Visual Land Prestige Elite 9Q; Prestige Elite 9Q+

- Visual Land Prestige Elite 9QL with Keyboard Case

- Visual Land Prestige Elite FamTab

- Visual Land Prestige Prime 10ES

- Visual Land Prestige Prime 10ES with Keyboard Case

- Visual Land Prestige Prime 10SE

- Visual Land Prestige Prime 11E with Keyboard Case

- Visual Land Prestige Pro 10D

- Visual Land Prestige Pro 7D

- Visual Land Prestige Pro 7DS

- Visual Land Prestige Pro 8D

- Visual Land Prestige Pro 8Q

- Visual Land Prestige Pro 9D

- Visual Land Prestige Pro FAMTAB

- Visual Land Prestige Prime 11E 2-in-1 Keyboard Case

- Visual Land Prestige Elite 13Q w/ Keyboard Case

- Visual Land Prestige Elite 10Q + Keyboard Case

- Visual Land Prestige Pro 7DS + Wallet Case

- Visual Land Prestige 10 w/ Free Screen Protectors

- YiFang Nextbook Ares 8

- YiFang e-fun MT8000

- YiFang Next2

- YiFang Next3

- YiFang Next5

- 28 -

- YiFang Next6

- YiFang Nextbook Ares 10L

- YiFang Nextbook Ares 11

- YiFang Nextbook Ares 11A

- YiFang Nextbook Ares 7

- YiFang Nextbook Ares 8L

- YiFang Nextbook Flexx 10

- YiFang Nextbook7

- YiFang Nextbook8

- YiFang Premium10SE

- YiFang Premium7

- YiFang Premium7 Resistive

- YiFang Premium7HD

- YiFang Premium7SE

- YiFang Premium7SE with Google Play

- YiFang Premium8

- YiFang Premium8HD

- YiFang Premium8Hi

- YiFang Premium8SE

- YiFang Premium9

- YiFang Nextbook Ares 10A

- YiFang Nextbook Ares 11A (Gen2)

ME1 25905058v.1